McComas *v.* Krug.

No. 8628.

## McComas *v.* Krug.

Constitutional Law.— *Construction of Statutes.—Legislative Power.—Supreme Court.*--The legislative authority of the State is vested in the General Assembly whose power is supreme and sovereign, and is subject to no restrictions except such as are imposed by the State and Federal constitutions, and the laws and treaties made by and under the Federal Government; and, in considering the constitutionality of an act of the General Assembly, it is the uniform rule of the Supreme Court to construe and interpret its provisions, if it can be done, in such manner as to sustain and not defeat the law in question.

Same.—*Impeachment or Removal of Public Officers.— Voluntary or Habitual Intoxication.*—Sections 7 and 8, of article 6, of the State constitution, should be construed together, and, thus construed, they authorize the General Assembly to provide by law for the impeachment or removal from office of county, township or town officers, for crime, incapacity or negligence.

McComas *v.* Krug.

Therefore, the act of March 11th, 1875 (section 6012, R. S. 1881), providing for the removal from office of any public officer, for voluntary intoxication in the business hours of his office, or for habitual intoxication, is not repugnant to, or in conflict with, any provision of the constitution, State or Federal, and is a constitutional and valid law.

From the Montgomery Circuit Court.

*J. Wright, J. M. Sellers* and *T. E. Ballard,* for appellant.

*G. W. Paul, J. E. Humphries* and *E. C. Snyder,* for appellee.

HOWK, J.—In this case, the appellee, the defendant below demurred separately to each of the first, second and third paragraphs of the appellant's complaint, upon the grounds that it did not state facts sufficient to constitute a cause of action; that the State of Indiana was a necessary party plaintiff, and that appellant had not the legal capacity to sue herein. These demurrers were severally sustained by the court, and to each of these rulings the appellant excepted. He refused to amend or plead further, and judgment was rendered against him for the appellee's costs.

Errors are assigned by the appellant, in this court, which call in question the decisions of the circuit court in sustaining demurrers to each of the paragraphs of his complaint.

In the first paragraph of his complaint, the appellant alleged in substance, that he was a citizen and resident of the county of Montgomery, and State of Indiana; that the appellee, William J. Krug, was on the — day of October, A. D. 1878, elected to the office of sheriff of the county of Montgomery, and State of Indiana; that, on or about the — day of August, 1879, the appellee executed his bond as required by law and took the oath of office, as sheriff of said Montgomery county; that he took possession of said office and entered upon his duties as such sheriff; that he was in the full possession thereof, and had been and then was holding the said office of sheriff of said county, and receiving the profits and emoluments of such office; and that, on or about the 25th day of September, 1879, during the business hours of his said office, the appellee voluntarily became intoxicated, thereby for-

feiting his right to the said office of sheriff. Wherefore the appellant demanded, that the said office be declared forfeited as to the appellee and vacant, and for all proper relief.

' The second paragraph of the complaint differs from the first paragraph only in this, that, instead of alleging a specfic act of voluntary intoxication as in the first paragraph, the appellant alleged in substance, in the second paragraph, that the appellee was in the habit of voluntarily becoming intoxicated, by the use of intoxicating liquors, during his continuance in office, thereby forfeiting his right to hold said office.

The third paragraph of the complaint differs from the first paragraph only in this, that the specific act of voluntary intoxication was alleged, in the third paragraph, to have been on or about the 4th day of November, 1879, instead of on or about the 25th day of September, 1879, as alleged in the first paragraph. Substantially the same relief was demanded in each of the second and third paragraphs, as was demanded in the first paragraph of the appellant's complaint.

It is manifest, that, in each of the paragraphs of his complaint, the appellant intended and attempted to state a cause of action against the appellee, under the provisions of an act of the General Assembly of this State, approved March 11th, 1875, entitled "An act to provide against intoxication, on the part of public officers, and providing for the removal of officers therefor." Omitting the enacting clause, this act provided, as follows:

" That any person holding any office under the constitution or laws of this State, who shall voluntarily become intoxicated within the business hours of his office, or shall be in the habit of becoming intoxicated by the use of intoxicating liquors, shall forfeit his office and be removed therefrom, upon complaint filed in the circuit court of the county in which he resides, by any citizen of this State, alleging that he is a citizen of the State of Indiana, and giving the name of the person complained of, and designating the office which he holds, and that such officer has voluntarily become intoxicated within

the business hours of his office, or shall be in the habit of be-
coming intoxicated by the use of intoxicating liquors during
his continuance in office. The clerk of said court shall docket
said cause for trial and issue summons for the defendant, as
in other causes. If, upon the trial of said complaint either
by the court or a jury, it shall be found that the facts stated
in the complaint are true, such officer shall be adjudged to
have forfeited his office, and the office be adjudged vacant."
2 R. S. 1876, p. 477; Acts of 1875, Reg. Sess., p. 91; Sec-
tion 6012, R. S. 1881.

It will be readily seen, we think, that the appellant has
brought his cause of action, as stated in each of the paragraphs
of his complaint, the substance of which we have given, squarely
within the provisions of the statute above quoted. If the
statute is a constitutional and valid enactment, then each of
the paragraphs of the complaint stated facts sufficient to con-
stitute a cause of action, and the demurrers thereto ought to
have been overruled. If, however, the statute quoted is un-
constitutional and void, then the several rulings of the circuit
court, on the demurrers to the complaint, were right and the
judgment below must be affirmed. The constitutionality or
unconstitutionality of the statute is the only question discussed
by the counsel of the respective parties, in their able and ex-
haustive briefs of this cause, and the only question this court
is required to consider and decide. As here presented, it is
purely a question of law, and not of ethics, or of good or bad
morals.

The office of sheriff is a constitutional office; that is, it is
an office provided for in the constitution of this State, of 1851.
Thus, in section 2 of article 6 of the constitution, it is pro-
vided that "There shall be elected in each county, by the voters
thereof, at the time of holding general elections," among other
officers, a sheriff, who should "continue in office two years,"
and should not be eligible to the office "more than four years
in any period of six years." Section 4 of article 6 of the con-
stitution of 1851 provides in relation to county officers, such

as sheriff, as follows: "No person shall be elected or appointed as a county officer who shall not be an elector of the county; nor any one who shall not have been an inhabitant thereof during one year next preceding his appointment," etc. It is claimed by appellee's counsel, as we understand their argument, that this section 4 of article 6 prescribes the constitutional qualifications of the person who is eligible to the office of sheriff, and only requires that he be an elector of the county, and shall have been an inhabitant thereof during one year next preceding his election; and that the Legislature has no power to declare that such person must possess other qualifications, in addition to those prescribed in the constitution. It is further claimed that, by the statute quoted, the Legislature has added to the constitutional qualifications of one eligible to the office of sheriff, " temperance, morality, sobriety and that such officer shall not drink intoxicating liquors during office hours." For these reasons, the appellee's counsel earnestly insist that the statute under consideration is unconstitutional and wholly void.

It may be premised, in the examination of the question before us, that, in the first section of the fourth article of the constitution of 1851, it was declared that "The legislative authority of the State shall be vested in the General Assembly, which shall consist of a senate and a house of representatives." Of this constitutional provision, as the same appeared in the same language, in the constitution of 1816, in *Beauchamp* v. *The State*, 6 Blackf. 299, it was said by DEWEY, J., speaking for the court: " This is not a grant of special, limited, and enumerated powers, implying a negative of all others, as is the case with the constitution of the United States. The legislative authority of this State is the right to exercise supreme and sovereign power, subject to no restrictions except those imposed by our own constitution, by the Federal constitution, and by the laws and treaties made under it. This is the power under which the Legislature passes all laws." It can not be said that the statute quoted is in conflict with the

Federal constitution, or with any law or treaty made under that constitution. Does the statute infringe upon, or is it repugnant to, any of the provisions of the constitution of this State? In *Fletcher* v. *Peck*, 6 Cranch, 87, in considering the constitutionality of a statute of Georgia, under the constitution of that State, it was said by MARSHALL, C. J., on page 128: "The question, whether a law be void for its repugnancy to the constitution, is, at all times, a question of much delicacy, which ought seldom, if ever, to be decided in the affirmative, in a doubtful case. The court, when impelled by duty to render such a judgment, would be unworthy of its station, could it be unmindful of the solemn obligations which that station imposes. But it is not on slight implication and vague conjecture that the Legislature is to be pronounced to have transcended its powers, and its acts to be considered as void. The opposition between the constitution and the law should be such that the judge feels a clear and strong conviction of their incompatibility with each other."

So, in *Maize* v. *The State*, 4 Ind. 342, in considering a similar question, STUART, J., speaking for the court, said: "Such questions are always regarded by the courts as of serious importance. The judiciary look to the acts of the Legislature with great respect, and reconcile and sustain them, if possible. The General Assembly is the immediate exponent of the popular will,—expressly delegated to clothe that will with the forms of law. The presumption that such a body has sanctioned enactments in violation of the constitution, is not to be lightly indulged. That the act is imperfect or impolitic, is not enough. These defects subsequent legislation can remove by amendment or repeal. To bring its validity within the control of the courts, it must be clearly subversive of the constitution."

It has been the uniform rule in this court, when the constitutionality of a statute has been under consideration, to so construe and interpret its provisions, if possible, as to sustain and not defeat the law in question. For it is clearly the duty

of the court, when the constitutionality of a statute is merely doubtful, to sustain the law, if it can be done by any fair construction. *Stocking* v. *The State*, 7 Ind. 326 ; *Brown* v. *Buzan*, 24 Ind. 194; *Shoemaker* v. *Smith*, 37 Ind. 122 ; *Clare* v. *The State*, 68 Ind. 17 ; *Fry* v. *The State*, 63 Ind. 552, on page 559.

With this statement of the rule which governs the court in the determination of such a question as the one now before us, we proceed now to the consideration of the constitutionality of the statute above quoted. In section 7 of the sixth article of the constitution of 1851, it is provided as follows : "All State officers shall, for crime, incapacity, or negligence, be liable to be removed from office, either by impeachment by the house of representatives, to be tried by the senate, or by a joint resolution of the General Assembly ; two-thirds of the members elected to each branch voting, in either case, therefor." The next succeeding section of the same article of the same constitution, reads as follows :

" Sec. 8. All State, county, township, and town officers may be impeached, or removed from office, in such manner as may be prescribed by law."

It would seem that these two sections of the constitution were intended, and ought, to be construed together. They both treat of the same general subject, namely, impeachment or removal from office. Construed together, sections 7 and 8 would provide, as to State officers, that for crime, incapacity, or negligence, they should be removed from office, either by impeachment by the house and trial by the senate, or by a joint resolution of the General Assembly, or in such manner as might be prescribed by law; and, as to county, township and town officers, the same sections of the constitution, construed together, would provide that for crime, incapacity, or negligence, they should be impeached, or removed from office in such manner as might be prescribed by law. Thus construing together these two sections, 7 and 8 of the sixth article of the constitution of 1851, we have no difficulty in declaring that the statute above quoted is a constitutional and

valid law. It does not infringe upon, nor is it in conflict with any of the provisions of the constitution. Not only so, but we think that the Legislature were authorized, under the provisions of said sections 7 and 8, of article 6, of the constitution, construed together, to prescribe and declare by law that for such incapacity as necessarily results from voluntary intoxication within the business hours of his office, or from the habit of becoming intoxicated by the use of intoxicating liquors, a county officer, such as a sheriff, shall forfeit his office and be removed therefrom. This is what, by fair construction, the Legislature have declared in and by the statute now under consideration. True, the word "incapacity" is not to be found in the statute; but it is equally true, that it proceeds, and can only be sustained, upon the theory that voluntary intoxication during business hours, or the habit of becoming intoxicated by the use of intoxicating liquors, will incapacitate the county officer and render him unfit for the proper discharge of his official duties.

It is claimed by the appellant's counsel that the word "eligible," as used in the State constitution, "relates to capacity of holding, as well as capacity of being elected to, an office;" and so this court decided in *Carson* v. *McPhetridge*, 15 Ind. 327. But it will not do to say, we think, that because a man is eligible to a county office, as well for the purpose of holding the same as for the purpose of being elected thereto, and because the constitutional term of his office is two years, he may not disqualify himself within his term of two years by crime, incapacity, or negligence, for the proper discharge of the duties of his office. If he may so disqualify himself, and surely this can not be doubted, it would be strange, indeed, if the Legislature might not declare by law, that for such crime, such incapacity, or such negligence, such county officer might be impeached or removed from his office. It would be stranger still, as it seems to us, if such a law for such a purpose should be declared unconstitutional and void, either because it added to the constitutional quali-

fications of a county officer, or because it might have the effect of abridging his term of office, as fixed by the constitution.

For the reasons given, we are of the opinion, that the statute quoted is a constitutional and valid law; and that, therefore, the appellee's demurrers to each of the paragraphs of the complaint, for the alleged insufficiency of the facts therein, ought to have been overruled. The other grounds of demurrer have not been discussed, and might be regarded as waived; but we may say, that it does not seem to us, that either of these grounds of demurrer was well assigned. Under the provisions of the statute, the action was properly brought by the appellant in his own name, and the State of Indiana was neither a necessary nor a proper party to the suit.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to overrule the demurrers to each of the paragraphs of complaint, and for further proceedings not inconsistent with this opinion.