No. 9287.

## GURLEY, ADMINISTRATOR, v. BUTLER.

DECEDENTS' ESTATES.—*Removal of Administrator for Drunkenness.*—Habitual drunkenness is cause for the removal of an administrator, without an affirmative showing that the administrator had thereby become incapable of discharging his duties.

From the Switzerland Circuit Court.

*W. R. Johnston, F. M. Griffith, J. A. Works* and *J. D. Works,* for appellant.

*C. F. Robbins, W. D. Ward* and *T. Livings,* for appellee.

WOODS, J.—Proceedings for the removal of an administrator. It was charged against the appellant that he was "incapable of discharging his trust to the interest of the estate and unfit to hold the said office," for the following, among other reasons: "4th. Because he is an inebriate, indulges in the use of intoxicating liquors as a beverage, becomes intoxicated, and is habitually at times disqualified from discharging the duties of his trust and rendered unfit for said trust."

The court found the facts specially, and among other things, that the defendant was, and prior to the commencement of the action had been, "a person in the habit of becoming intoxicated and a habitual drunkard."

The statute provides that an administrator may be removed: "*First.* Where, from sickness, habitual drunkenness, imbecility, change of residence, actual or intended or other cause, he is rendered incapable of discharging his trust to the interest of the estate." R. S. 1881, sections 2245, 2222.

The position taken by counsel for the appellant is that it was necessary to charge, and also for the court to find, that by reason of the alleged drunkenness the appellant was "rendered incapable of discharging his trust to the interest of the estate."

We deem the complaint and the finding both sufficient. The court will take judicial cognizance of the fact that habit-

ual intoxication does incapacitate a man for the discharge of such a trust. It is by law made cause for the challenge of a juror; for the forfeiture of any office held under the constitution and laws of the State; for the denial of license to sell intoxicating liquors; if public, for punishment by fine, and, thrice repeated, by imprisonment. R. S. 1881, sections 1656, 1793, 2045, 2091, 5315, 6012; *McComas* v. *Krug,* 81 Ind. 327. And when the management of an estate is involved, or other like trust, it is not necessary for the court to enquire, beyond the fact of habitual intoxication, whether in the particular case the drunkenness is or is not likely to affect the interest of the trust.

Judgment affirmed.