State *v.* Patterson—181 Ind. 660.

---

## STATE OF INDIANA *v.* PATTERSON.

[No. 22,578.   Filed May 21, 1914.]

1. PROSECUTING ATTORNEYS. — *Removal.* — *Constitutional Provisions.*—*State and County Officers.*—Prosecuting attorneys are neither state nor county officers, but are constitutional officers, hence they cannot be removed under §§7, 8, Art. 6 of the State Constitution, providing for the removal of state, county, township and town officers for crime, incapacity or negligence, and their removal can be accomplished only by virtue of §12, Art. 7 of the Constitution, providing that "any judge or prosecuting attorney who shall have been convicted of corruption or other high crime, may, on information in the name of the state, be removed from office by the supreme court, or in such other manner as may be prescribed by law." p. 663.

2. CONSTITUTIONAL LAW.—*Construction.*—In construing the organic law, the court is not warranted in treating as meaningless any clause or word found therein. p. 664.

3. OFFICERS.—*Removal.*—*Statutes.*—*Legislative Intent.*—Section 1 of the act of 1897 relating to the impeachment and removal of

State *v.* Patterson—181 Ind. 660.

public officers (Acts 1897 p. 278, §9628 .Burns 1914) evinces a legislative intent not to consider judges and prosecuting attorneys as State officers.  p. 664.

4.  PROSECUTING ATTORNEYS.—*Removal.*—*Constitutional Provisions.* —The provision of §12, Art. 7, of the Constitution, for the removal from office of prosecuting attorneys who have been convicted of corruption or other high crime, though authorizing the legislature to create or designate a tribunal to determine accusations against such officers, and to provide rules of procedure for such determination, impliedly prohibits a legislative prescription of causes for such removal, hence negligence cannot be made a lawful cause for the removal of such an officer.  pp. 664, 665.

5.  CONSTITUTIONAL LAW.—*Legislative Power.*—State constitutions are intended to restrain rather than grant legislative power, and unless some constitutional restriction, either express or implied, is apparent, a legislative act must be held authoritative.  p. 664.

6.  CONSTITUTIONAL LAW.—*Construction.*—A constitutional declaration as to how a right may be exercised impliedly prohibits its exercise in some other way, under the rule that "that which is expressed makes that which is silent to cease."  p. 664.

7.  PROSECUTING ATTORNEY.—*Removal.*—*Grounds.*—*Statutes.*—Section 35 of the act of 1897 (Acts 1897 p. 278, §9662 Burns 1914), providing for the removal of any officer for neglect of duty does not apply to the removal of prosecuting attorneys, and to construe it as applying to them would be to indulge the presumption that the legislature intended to pass an unconstitutional act, which is a presumption not permitted.  p. 666.

From Lake Circuit Court; *Cassius M. Greenlee,* Special Judge.

Action by the State of Indiana against James A. Patterson to remove him from the office of Prosecuting Attorney. From a judgment for defendant, the State appeals. *Affirmed.*

*Thomas M. Honan,* Attorney-General, *George E. Hershman, Otto J. Bruce* and *Edwin C. Davis,* for the State.

*John H. Gillett, C. B. Tinkham* and *Ralph W. Moss,* for appellee.

MORRIS, C. J.—Action by appellant, against appellee, prosecuting attorney of the Thirty-first Judicial Circuit, to remove him from office, for the alleged negligent failure to perform his official duties.  This action is based on the

provisions of §35 of an act approved March 8, 1897. Acts 1897 p. 278, §9662 Burns 1914. An accusation, consisting of eleven articles or paragraphs, was filed in the Lake Circuit Court, in each of which it was alleged that appellee had refused or neglected to perform some alleged duty devolving on him as prosecuting attorney. The appellee appeared and waived the issuance of a citation, and demurred to each paragraph. The demurrer was sustained, and appellant declining to plead further, judgment was rendered for appellee.

The various articles of the accusation are predicated on the alleged failure or refusal of appellee to perform his official duties relating to the prosecution of alleged offenses relating to gambling, gambling devices, houses of ill-fame, illegal sales of intoxicating liquor, and Sunday labor. In sustaining the demurrer to the accusation, the trial court filed a written opinion, which is copied in appellee's brief, and from which it appears that the demurrer was sustained on the theory that §9662 Burns 1914, *supra,* does not warrant the removal of a prosecuting attorney from his office because of neglect to perform his official duties

It is contended by appellant that the court's ruling was erroneous, because, as asserted, the section of the statute (§9662, *supra*) which denounces neglect of official duty on the part of ''any officer within the jurisdiction of the court'' must be held to include prosecuting attorneys, and that no valid constitutional objection can be urged against the enactment. Appellee seeks to meet this contention with the assertion that, construing the act as a whole, the section in controversy should not be held as declaring the legislative intent to apply to prosecuting attorneys, but that if such intention must be imputed, the act must be held unconstitutional to that extent.

Section 12, Art. 7, of our Constitution, relating to the judiciary, reads as follows: ''Any judge or prosecuting attorney who shall have been convicted of *corruption or*

*other high crime,* may, on information in the name of
1.   the state, be removed from office by the supreme court,
*or in such other manner as may be prescribed by
law."*   It is claimed by appellee that a prosecuting attorney
cannot be removed from office for any cause other than "cor-
ruption or other high crime".   Sections 7 and 8, Art. 6,
of our Constitution read as follows:   "7.   All state officers
shall, for *crime, incapacity,* or *negligence* be liable to be
removed from office, either by impeachment by the house of
representatives, to be tried by the senate, or by a joint reso-
lution of the general assembly; two-thirds of the members
elected to each branch voting, in either case, therefor.
8.   All *state, county, township* and *town officers* may be
impeached, or removed from office, *in such manner as may be
prescribed by law."*   In *McComas* v. *Krug* (1882), 81 Ind.
327, 42 Am. Rep. 135, this court held that these two sections
should be construed together as providing that state officers
may be removed from office either by legislative impeach-
ment, or in such other manner as may be provided by law,
for crime, incapacity or negligence, and that, for the same
causes, county, township and town officers may be removed
as prescribed by law.   Appellant contends that prosecuting
attorneys are included in the class of officers named in §8,
Art. 6, above quoted.   This court has held the contrary.
In *State, ex rel.* v. *Tucker* (1874), 46 Ind. 355, 359, it was
said:   "Judges of the circuit court and prosecuting attor-
neys are not state, county, or township officers.   Art. 5, §18,
Const."   In *State, ex rel.* v. *Friedley* (1893), 135 Ind. 119,
126, 34 N. E. 872, 21 L. R. A. 634 it was held:   "The judge
and prosecuting attorney are constitutional officers; they
are so designated in the organic law, and are neither state
nor county officers."   In *Board, etc.* v. *Albright* (1907), 168
Ind. 564, 575, 81 N. E. 578, it was held that prosecuting
attorneys are not county officers.   Indeed, if judges and
prosecuting attorneys are State or county officers, within
the meaning of §§7 and 8, Art. 6, of our Constitution, it

was wholly unnecessary to provide in §12, Art. 7, for their removal, for corruption or other high crimes. We are not warranted in treating as meaningless any clause, or even word, found in the organic law. *Green-castle Tp.* v. *Black* (1854), 5 Ind. 557; *Denny* v. *State, ex rel.* (1896), 144 Ind. 503, 529, 42 N. E. 929, 31 L. R. A. 726. Section 1 of the act in controversy (§9628 Burns 1914, Acts 1897 p. 278) indicates that the legislature did not consider judges or prosecuting attorneys as State officers, for it provides that "all state officers, and *all judges and prosecuting attorneys* are liable to impeachment."

Appellant contends, however, that if it be conceded that a prosecuting attorney is not a State or county officer, the legislature had the power under the last clause of §12, Art. 7, of our Constitution to provide for the removal of prosecuting attorneys from office for negligence. In our opinion, the clause, "or in such other manner as may be prescribed by law", cannot be held as relating to causes for removal, though it would manifestly warrant the creation or designation of some tribunal other than the Supreme Court to determine accusations against judges and prosecuting attorneys and would authorize the legislature to provide rules of procedure for such determination. *State, ex rel.* v. *Friedley, supra.* Appellant contends with much earnestness that while said §12, Art. 7, authorizes the removal of judges and prosecuting attorneys from office because of corruption or other high crime, it does not preclude the legislature from prescribing other causes for removal. It is conceded, of course, that the legislative power is limited only by the constitutional inhibitions. State constitutions are intended to restrain legislative power rather than grant it, and unless some constitutional restriction can be designated, a legislative act must be held authoritative. *McComas* v. *Krug, supra.* But the inhibition may be either express or implied. In

construing constitutional provisions, a rule of general acceptance is "that which is expressed makes that which is silent to cease". *Gougar* v. *Timberlake* (1897), 148 Ind. 38, 48, 46 N. E. 339, 37 L. R. A. 644, 62 Am. St. 487. When the constitution declares how a right may be exercised, it impliedly prohibits its exercise in some other way. *Morris* v. *Powell* (1890), 125 Ind. 281, 25 N. E. 221, 9 L. R. A. 326; *Denny* v. *State, ex rel., supra.* The rule is expressed by Cooley as follows: "When the constitution defines the circumstances under which a right may be exercised or a penalty imposed, the specification is an implied prohibition against legislative interference to add to the condition, or to extend the penalty to other cases." Cooley, Const. Lim. (7th ed.) 64. We are of the opinion that because of the provisions of §12, Art. 7, of the Constitution, the legislature is without power to prescribe any cause for the removal from office of a prosecuting attorney other than what is named in such section, and consequently negligence cannot be held as a lawful cause for removing such officer.

The demurrer admits the truth of the allegations of the accusation for the sole purpose of testing the legal sufficiency of the pleading. If the matters averred are literally true, the situation is to be regretted, but reason is not wanting for the constitutional inhibition which protects such officers from removal except for the causes enumerated, and then only after a judgment of conviction has been pronounced. Such officer is necessarily clothed with considerable discretion in discharging his duties. Of course he is not invested with the discretion of determining that any particular law shall not be enforced in his district. It is the duty of officers clothed with proper authority to look to the enforcement of all laws. Statutes against gaming and illegal sales of liquor are designed for obedience as well as those against violence or dishonest dealing. But in the prosecution of a specific indictment, the prosecuting attorney is given the right to file a motion for a *nolle prosequi,* and

in many respects is necessarily clothed with considerable discretion. Negligence is a relative term, and to subject such officer to the necessity of defending himself against any charge of official neglect that might be made by any one, including possibly accusations inspired by malice or revenge, might cause more harm than good to the public.

7. In any event, and regardless of the reason that may have actuated the framers of the Constitution in hedging prosecuting attorneys against removal except after conviction of one of the offences named in §12, Art. 7, we are of the opinion that such was their intention, and that if it should be held that it was the legislative intent in enacting §35 of the act of 1897, *supra,* to provide for the removal of prosecuting attorneys for mere neglect in the performance of official duties, the act, to that extent, would be invalid because in conflict with §12, Art. 7, of our Constitution. But it is unnecessary so to hold. Section 35 of the act (§9662, *supra*) does not in express terms include prosecuting attorneys, and it must be presumed that the members of the legislature did not intend to pass an unconstitutional act. A consideration of all the provisions of the act does not compel the inference that it was intended to include prosecuting attorneys within the provisions of §35 thereof, and we hold that the prosecution here is without legislative authority and consequently there was no error in sustaining the demurrer to each article of accusation.

Some other questions are presented by appellant's brief, but their consideration is rendered unnecessary by our conclusion in relation to the statute on which the prosecution is grounded. Judgment affirmed.

NOTE.—Reported in 105 N. E. 228. As to mode of removing official from office for cause, see 135 Am. St. 256. For a discussion of the failure to enforce laws as grounds for the removal of a public officer, see Ann. Cas. 1913 D 32. See, also, under (1) 32 Cyc. 689, 694; (2) 8 Cyc. 730; (4) 32 Cyc. 693; (5) 8 Cyc. 774-776; (6) 8 Cyc. 742; (7) 8 Cyc. 804.