## STATE OF INDIANA v. REDMAN.

[No. 22,783.   Filed June 16, 1915.]

1. CONSTITUTIONAL LAW.—*Removal of Judges.—Jurisdiction of Supreme Court.*—Section 12, Art. 7, of the Constitution, providing that "any judge or prosecuting attorney who shall have been convicted of corruption or other high crime, may, on information in the name of the State, be removed from office by the Supreme Court, or in such other manner as may be prescribed by law", is self-executing as to the removal by the Supreme Court and not only authorizes the court, but imposes on it the duty, to act in such matter when an instance for such action is presented to it by information.   p. 337.

2. CONSTITUTIONAL LAW.—*Self-Executing Provisions.*—A constitutional provision which is self-executing is one which supplies the rule or means by which a duty enjoined may be performed.   p. 337.

3. JUDGES.—*Removal from Office.—Procedure.*—In the removal of a judge from office by the Supreme Court under §12, Art. 7, of the Constitution, the court will look first to the statute to discover such details of procedure as the proper person to exhibit the information, and as to notice, and then to the common law.   p. 338.

4. JUDGES.—*Removal from Office.—Procedure.—Notice.—Constitutional Provisions.*—Section 12, Art. 7, of the Constitution, authorizing the Supreme Court, on information in the name of the State, to remove any judge or prosecuting attorney from office who has been convicted of corruption or other high crime, is not ineffective for failure to provide the details of procedure and for notice to the defendant, since the word "information" must be assumed to have been used in a sense similar to that in which it had long been used in legal procedure, as an information in the nature of *quo warranto*, and the statutes of the time for the removal of officers by *quo warranto* proceedings provided that the writ of summons should be issued and served and returned as in personal actions, while the procedure at common law as well as under statutes subsequently enacted was not materially different; and even in the absence of a discoverable procedure in the statutes or at common law, the constitutional provision, being self-executing, carries with it implied authority to the court to frame the process and details of procedure.   p. 338.

5. CONSTITUTIONAL LAW.—*Powers and Duties.—Implied Powers.*—Generally where a constitution confers a power or enjoins a duty it also confers, by implication, all powers that are necessary for the exercise of the one or the performance of the other.   p. 339.

6. CONSTITUTIONAL LAW.—*Removal of Judges.—Grounds.*—The provision of §12, Art. 7, of the Constitution for the removal of judges who have been convicted of corruption or other high· crime, is not to be narrowly construed especially in view of the history of its adoption and the manifest special concern of the framers of the Constitution to keep the judiciary clean and its offices occupied by those unstained; hence, there being no indication of an intent to limit the conviction which would authorize the removal of a judge to one by a state court for violation of a law of the State, nor to a conviction for high crime or corruption committed by the judge officially or during his term of office, a judge may be removed from office thereunder on convicton for high crime or corruption against the laws of another state or of the United States by a court of such jurisdiction, and regardless of whether the offense, on which the conviction was based was committed before or after his induction into office. ˙ p. 339.

7. CONSTITUTIONAL LAW.—*Removal of Judges.—Conviction for Corruption or High Crime.—Removal Pending Appeal.*—Under §12, Art. 7, of the Constitution providing that the Supreme Court, on information by the State, may remove from office any judge or prosecuting attorney who shall have been convicted of corruption or other high crime, a conviction by a court competent to render a judgment of the character contemplated, and pursuant to which the officer is in prison, authorizes the court on such information to remove him, notwithstanding there is at the time pending an appeal from such judgment of conviction.    p. 341.

8. CONSTITUTIONAL LAW.—*Removal of Judges.—Disfranchiscment.* —The provision of §9646 Burns 1914, Acts 1897 p. 278, for the disfranchisement of a judge or prosecuting attorney on removal from office under §12, Art. 7, of the Constitution is not warranted by such constitutional provision and is therefore invalid.    p. 342.

9. STATUTES.—*Partial Invalidity.*—While the provision for the disfranchisement of a judge or prosecuting attorney on removal from office, contained in §9646 Burns 1914, Acts 1897 p. 278, contravenes §12, Art. 7, of the Constitution, such invalidity does not destroy the other provisions thereof.    p. 342.

Original action instituted by the Attorney-General on information in the name of the State of Indiana against Eli H. Redman to remove him from the office of Judge of the Vigo Circuit Court. *Judgment of removal.*

*Richard M. Milburn,* Attorney-General, *Horace M. Kean, Leslie R. Naftzger, Omer S. Jackson* and *Wilbur T. Gruber,* for the State.

*Roby & Salsbury* and *Slinkard & Vosloh,* for defendant.

Cox, J.—This is an original action instituted by the Attorney-General by filing in this court an information in the name of the State alleging the conviction of the defendant of high crimes and corruption and asking judgment that he be removed from the office of judge of the Vigo Circuit Court, which court constitutes the 43d judicial circuit of this State, and that he be disfranchised and rendered ineligible to office.

In material substance the information alleges that defendant was a candidate and was voted for, at the general election in this State on November 3, 1914, for the office of judge of the circuit court for the term of six years; that on the face of the election returns defendant appeared to be elected and thereupon a commission for such office was issued to him by the Governor of the State; that defendant entered upon the duties of such office and still claims the right to exercise its functions; that on December 23, 1914, defendant with numerous other persons, was duly charged by indictment, in four counts, in the Federal District Court for the district of Indiana with a conspiracy to perpetrate many frauds in Vigo County, Indiana, to affect the general state election there held on November 3, 1914, and at which election a senator and representative in the Congress of the United States were to be voted for, and with having devised a scheme to defraud, and with having used the United States mails in aid thereof, in violation of §§19, 37 and 215 of the Federal Penal Code; that defendant was put to trial before a jury in the said district court and was duly found guilty as charged in all the counts of the indictments; that April 12, 1915, the district court rendered judgment on the verdict against defendant on the first count that he be imprisoned in the United States penitentiary at Leavenworth, Kansas, for the term of five years and fined in the sum of $1,000, and on each of the second and third counts imprisonment for two years and on the fourth count imprisonment for five

years, the sentence and judgment on all counts to run con-
currently.

Upon the filing of the information, the court did, on May
4, 1915, fix May 14, 1915, for a hearing thereon and for de-
fendant to show cause why he should not be removed, and
at that time ordered the sheriff of this court forthwith to
serve the defendant with notice thereof by leaving a certi-
fied copy of the information and the order of the court fix-
ing hearing thereon at the last usual place of residence of
defendant in Vigo County, which service was duly made on
May 4, 1915, by the sheriff, and due return thereof was made.
Defendant, at the time set for hearing, appeared by coun-
sel and moved to quash the summons and set aside the re-
turn which motion was overruled.

This action was followed by defendant's challenging the
information by demurrer on the grounds that this court had
no jurisdiction of the person of the defendant and no juris-
diction of the subject-matter of the action, and that the facts
averred are not sufficient to constitute a cause of action
against the defendant. This demurrer was overruled by the
court. Thereupon the defendant filed a verified answer in
abatement averring that after his conviction, defendant had
prayed a writ of error to the United States Circuit Court
of Appeals for the Seventh Circuit, which writ was allowed,
and that the cause was pending in said court of appeals un-
determined. To this plea, the State demurred for want of
facts which demurrer was sustained. Defendant then
joined issue by an answer of general denial and over his
objections, a duly authenticated copy of the proceedings of
the district court and its judgment of conviction of defend-
ant was admitted in evidence in discharge of the burden of
the issue resting on the State.

There is no dispute over the facts. That defendant was
declared elected to the office of judge of the Vigo Circuit
Court at the November election, 1914, that he was commis-

sioned and entered upon the discharge of the duties of the office, that he was indicted by the Federal grand jury for conspiring with others to commit gross frauds averred to be in violation of certain Federal penal laws in the matter of that election which also involved the election of a senator from this State and a representative for the district in which Vigo County was, in the Congress of United States, that he was tried and convicted by a jury on the indictment and sentenced by the court and that he is now by commitment in execution of the judgment of the court in the Federal prison at Leavenworth, are all conceded facts.

The objections which counsel for defendant have interposed to the granting by this court of the prayer of the State are questions of law wholly. Section 12 of Article 7 of our State Constitution provides as follows: "Any judge or prosecuting attorney who shall have been convicted of corruption or other high crime, may, on information in the name of the state, be removed from office by the supreme court, or in such other manner as may be prescribed by law". Section 19 of the act of 1897 (Acts 1897 p. 278, §9646 Burns 1914), provides: "In case any judge or prosecuting attorney shall have been convicted of corruption or other high crime, it shall be the duty of the attorney-general to bring proceedings in the supreme court on information, in the name of the state, for the removal from office of such judge or prosecuting attorney, and in case of judgment against the defendant on said information such judgment shall be that the defendant shall be removed from office and be disfranchised and rendered ineligible to office during the lifetime of such defendant, or such shorter period as such court may deem expedient; and upon the rendition of such judgment the governor shall appoint a successor to fill the vacancy in office created thereby". Upon these provisions the information of the State and its prayer for the judgment of this court rest.

The main questions which counsel for defendant have

raised in the progress of this proceeding and urged against his removal, and to which all other questions are collateral, may be thus stated in the order in which they have been raised: (1) It is contended that, as no provision is found in either the-constitutional or the statutory provisions above set out for notice to the defendant, "due process of law" is not provided and that this court can give no effective notice and therefore can acquire no jurisdiction of the person of the defendant nor of this action against him. (2) That defendant can not be removed by this court under the above constitutional authorization except on conviction of high crime or corruption in a court of this State. (3) That defendant can not be removed by this court under this constitutional provision except on conviction of high crime or corruption committed by him as an official or at least during his term of office. (4) That defendant can not be removed by this court by the authority given by this constitutional provision until the judgment of conviction has become final by waiving remedies by appeal or writ of error or by fruitlessly exhausting them.

The first contention of counsel for the defendant is without material support from any point of view. Section 12 of Art. 7 of the Constitution above set out provides for the removal of a judge by this court for a cause stated and exhibited in this court by information in the name of the State, or in such other manner as may be prescribed by law. And it is therefore manifest that as to removal by this court, the constitutional provision is self-executing while as to removal in any "other manner" it is not, but requires action by the legislature to supply the "other manner". We are dealing alone with the authority delegated to and duty imposed upon this court in the subject-matter of a delinquent judge who has been loaded with the disqualification which the people in their sovereign capacity have declared shall authorize this court

to remove him and cleanse their court and keep it open. A constitutional provision which is self-executing is one which supplies the rule or means by which a duty enjoined may be performed. Cooley Const. Lim. (7th ed.) 121; 8 Cyc. 752, 4a; 6 R. C. L. 57-59; Throop, Public Officers §342. The provision in the particular in which it is involved in this case speaks to this court and not to the legislature. It gives to this court authority and imposes upon it a duty in a particular subject-matter when a particular instance of this subject-matter is presented to it by information. It is

3. not essential that the Constitution provide the details through which the authority is to progress to

4. the discharge of the duty imposed. Clearly it must be assumed the word "information" was used by the framers of the Constitution in much the sense in which it had long ago been used in legal proceedings, both at common law and under our statutory provisions, as an information in the nature of *quo warranto*. So we would look to the statute first for provisions for such details as the proper person to exhibit the information and notice and failing that, then to the common law. *State, ex rel.* v. *Home Brewing Co.* (1914), 182 Ind. 75, 105 N. E. 909.

At the time of the adoption of the Constitution, that part of our statutory procedure relating to informations in the nature of *quo warranto* contained a provision that an information, to be exhibited by the prosecuting attorney, would lie to remove from office a public officer who had done or suffered an act which by the provisions of law, worked a forfeiture of his office. And that statute provided that the writ of summons should be issued and served and returned in like manner as in personal actions. R. S. 1843 p. 935, §§46, 47. Since that time, our statutes have contained substantially the same provisions. §1188 *et seq.* Burns 1914, §1311 R. S. 1881. The common-law procedure was not materially different. But if there were no discoverable authority for process in other statutes or in common-law procedure

which might be looked to by this court it does not follow that the people's bestowal of authority and duty upon this court in this particular would fail for want of mere matters of details of procedure. As the people in this provision speak to the court and not to the legislature, it is quite clear that they did not intend that their purpose to oust from place a public officer upon whose integrity so many rights must depend, should fail by a failure on the part of the legislature to provide a procedure. They gave into the hands of this court authority and duty that was to be self-executing. And with it they gave the legislature authority to supplement it with another manner of removal for the same cause if the legislature chose to enact one.

The general rule is that where a constitution confers a power or enjoins a duty it also confers, by implication, all powers that are necessary for the exercise of the one or the performance of the other. And so if we could not find an existing or statutory or common-law process and other details of procedure on an information under this provision it would be competent for us to frame them. 6 R. C. L. 60; 8 Cyc. 741, 742; Cooley, Const. Lim. (7th ed.) 98.

The constitutional provision for the removal of judges and prosecuting attorneys is so distinctly different from provisions for a like purpose in other constitutions and in relation to the removal of other public officers in our own State that precedents are few and of little value in the solution of the second and third questions raised. The terms used are the broadest and give no indication in themselves of any intention on the part of the framers of the Constitution to limit the conviction which would authorize a removal of a judge to one by an Indiana court for a violation of the laws of the State which had denounced certain designated acts as high crimes or corruption and penalized them as such, nor to limit the conviction which would work a removal to one for high crimes

or corruption committed or done as an official or during his term of office. As to other public officers, the Constitution provides for impeachment, or, that they may be removed from office in such manner as may be prescribed by law. Constitution, Art. 6, §§7, 8. But as to judges and prosecuting attorneys, the Constitution specifies for what causes they may be removed from office and provides a more summary way than impeachment for such removal. A purpose of special concern was thus exhibited for this branch of governmental power, the judiciary, to keep it clean and its offices occupied by those unstained. As applied to the facts in this case, where the defendant is, admittedly, in a prison undergoing sentence for five years for an alleged crime involving gross public corruption in the deepest sense, that of the ballot, is it conceivable that the framers of the Constitution contemplated that he should receive the emoluments of the office, and direct the administration of justice from his cell through a judge *pro tem.* appointed by himself? Had defendant been convicted in a State court for a crime committed by him against its laws after his term as judge had been entered upon and were now in prison for a term such as was imposed by the Federal court it could not be denied that under §12 of article 7, *supra,* his office would be forfeit. It must be remembered that this provision is for the protection of the people in that branch of their government which affects them most vitally and its construction should, when permissible and consonant with reason, assure that protection. So far as the preservation of the sanctity and the efficiency of the courts of justice in the circumstances of a judge convicted of a crime is concerned, what difference can there be whether one has been convicted in another state after election and induction into office and there sentenced to imprisonment for life for a murder committed prior to election in that state, or whether he has been convicted in this State after election and induction into office and here sentenced to imprisonment for

life for a murder committed in this State during his term of office? There is the same dishonor to the office and the same physical obstruction to the judge's discharging its duties.

Neither the words of §12 of Art. 7, *supra,* nor reason authorize the narrow construction counsel contend for. By examining the proceedings of the constitutional convention in searching for the intent of the framers of the Constitution, as we may do, it is manifest that they did not intend the narrow meaning ascribed by counsel to the words used. It appears that the section in question when reported to the convention by the special committee which prepared it was much narrower in its scope. As reported it provided that "Any judge being convicted on indictment of any felony or corruption *in office,* may be removed from office by the supreme court, on information in the name of the state". Journal of the Convention p. 642. The contentions of defendant's counsel as to the second and third propositions might well be valid were we controlled by a provision such as this. But the convention greatly broadened the provision by adopting in lieu of it that now under consideration which contains no terms narrowing it to fit the contentions of counsel.

Nor do we find in the provisions of §12 of article 7 any limitation of the authority and duty of this court which prevents it from acting only after all remedies by appeal or writ of error have either been waived or pursued to an unsucessful result. The language used fairly justifies the conclusion that when a conviction has resulted at the hands of a tribunal competent to render a judgment of the character contemplated and the officer is in prison and perforce unable to administer his office, occasion then arises when this court may on information remove the judge. Not only is this safely within the words but fairly within the purpose of the provision. And surely if the word "may" as used in the provision implies a dis-

cretion every consideration urges that it be used for the protection of the office and not the officer in: the circumstances before us. It is usually considered that there has been conviction of crime when there is a plea of guilty to a charge duly presented or a finding or verdict of guilty after trial and that thereafter the presumption of innocence no .longer follows the defendant. And certainly that is so after judgment rendered and the execution of it by imprisonment such as we have here. See cases collected in 2 Words and Phrases (1st series), 1 Words and Phrases (2d series) under "Conviction"; *McKannay* v. *Horton* (1907), 151 Cal. 711, 91 Pac. 598, 121 Am. St. R. 146, 13 L. R. A. (N. S.) 661. In the case last cited, it was held that removal on conviction is not avoided by prosecuting an appeal from the judgment of conviction. So we are well within sound authority when we hold as we do under the facts in this case, that defendant has been convicted of high crimes and corruption and is subject to be removed from office by the judgment of this court.

That relief asked for by the State that the defendant be disfranchised and rendered ineligible for office hereafter must be denied. It is not provided for by §12, Art. 7, *supra,* and the legislature was without authority to add it to the removal on conviction which the constitution authorized. *State* v. *Patterson* (1914), 181 Ind. 660, 105 N. E. 228. While the provisions of the statute, §9646 Burns 1914, *supra,* in the particular just stated is in conflict with §12 of Art. 7, yet it does not carry down with it the rest of the section. It is quite probable that the principal purpose of the legislature in enacting the section was to give authority to the Attorney-General to present the information and to make clearer the right of the Governor to fill the vacancy and so these provisions may stand. It might well be that in case an appeal should result in complete exoneration of defendant that an application to this court would lie for a review or a rehearing. of its judg-

ment but that we are not now called upon to determine. It is therefore adjudged by the court that defendant be and he is hereby removed from the office of judge of the Vigo Circuit Court, constituting the 43d judicial circuit of Indiana.

NOTE.—Reported in 109 N. E. 184. As to validity of judgment rendered by disqualified judge, see 84 Am. Dec. 126. See, also, under (1) 8 Cyc. 756; (3) 23 Cyc. 523; (4, 5) 8 Cyc. 741; (6, 7) 23 Cyc. 522; (9) 36 Cyc. 976.