## STATE OF INDIANA *v.* DEARTH.

[No. 25,517. Filed January 11, 1929. Rehearing denied April 3, 1929.]

*Arthur L. Gilliom,* Attorney-General, *Theophilus J. Moll* and *Kane, Blain & Hollowell,* for the State.

*Frederick VanNuys* and *Van L. Ogle,* for appellee.

WILLOUGHBY, J.—This action was filed in the superior court of Marion County, sitting as a court of claims. §§1550-1556 Burns 1926. A complaint was filed by appellee in said court of claims for salary due appellee for the month of March, 1927, in the sum of $350, for services rendered by appellee as judge of the forty-sixth judicial circuit of the State of Indiana. The facts alleged are not disputed.

To this complaint the appellant filed its answer in two paragraphs, and, omitting caption, signature of counsel and formal parts, the first paragraph is, in substance, as follows: "Comes now the State of Indiana, defendant in the above entitled cause, and for its answer to the complaint filed in said cause says: That this defendant admits that the said Clarence W. Dearth, plaintiff herein, was duly and legally elected judge of the forty-sixth judicial circuit of the State of Indiana, at the general election held in the State of Indiana, on the first Tuesday after the first Monday in November, 1922, to wit, on the 7th day of November, of said year; that he was duly commissioned as such judge by the Governor of the State of Indiana on the 13th day of November, 1922, and that he took the oath of office as such judge, aforesaid, and entered upon the discharge of his judicial duties on the 15th day of November, 1922, and that his term of office as such judge will expire on the first day of January, 1929. Defendant avers that from and after said 15th day of November, 1922, the said plaintiff entered upon the discharge of his duties as judge of said judicial circuit aforesaid, and continued to act as said judge until the 4th day of March, 1927; that, on said last named date, the 75th regular session of the General As-

sembly of the State of Indiana, then being in session and the House of Representatives and the Senate of said General Assembly both then being in session, certain articles of impeachment against the plaintiff as such judge aforesaid were duly presented at the bar of said Senate, while in session, by a Board of Managers theretofore appointed by the House of Representatives pursuant to a certain resolution of impeachment against said plaintiff as such judge aforesaid, adopted by said House of Representatives on the 3rd day of March, 1927, wherein the removal of this plaintiff was sought upon certain grounds stated in said articles of impeachment. Defendant avers that said articles of impeachment were duly received and accepted by said Senate on said 4th day of March, 1927, as aforesaid, and said cause was duly set for trial on the 21st day of March, 1927, before said Senate as a court of impeachment, and the plaintiff duly notified of the filing of such articles of impeachment and of the time and place for the hearing thereof by the delivery to the plaintiff of a copy of said articles of impeachment with a notice to appear and answer to the same at the Senate chamber in the State House in the city of Indianapolis, Indiana, on the said 21st day of March, 1927. That afterwards, to wit, on said 21st day of March, 1927, said Senate reconvened as a court of impeachment for the purpose of trying the said plaintiff upon the charges contained in said articles of impeachment aforesaid and that a trial was duly had on said charges which resulted in the acquittal of said plaintiff on the first day of April, 1927, and said plaintiff was duly discharged from said charges as a result of the finding and judgment of said Senate as such court of impeachment on said last named date. Defendant avers that the said plaintiff herein is not entitled to recover judgment against this defendant for salary as such judge aforesaid, for the period between the 4th day of March,

1927 and the 1st day of April, 1927, both inclusive, for the reason that said articles of impeachment were duly filed at the bar of the Senate by the Board of Managers of the House of Representatives on said 4th day of March 1927, as hereinabove shown, and that said cause of impeachment against this plaintiff was pending before the Senate of the General Assembly of the State of Indiana as a court of impeachment from said 4th day of March aforesaid until said 1st day of April, 1927, at which time the final judgment of acquittal was pronounced in said proceeding. That, under the provisions of section 15 of an act of the Legislature of the State of Indiana, approved March 8, 1897, and appearing at page 278 of the Acts of the General Assembly of that year, he was temporarily suspended from the office of judge of said court and deprived of his judicial powers during the pendency of said proceedings for his impeachment, and could not and did not legally act in his official capacity as such judge aforesaid from the time said articles of impeachment were presented at the bar of said Senate until his acquittal as a result of the trial had upon said charges, to wit, from the 4th day of March, 1927 until the 1st day of April, 1927, both inclusive. Defendant avers that it admits that the plaintiff is entitled to compensation for services performed as such judge during the first three days of said month of March in the sum of ———— dollars and it further alleges that the Auditor of State has tendered to said plaintiff the compensation for such period, which sum was refused by the plaintiff, and that said compensation for said three days aforesaid, is now in the hands of the Auditor and will be delivered by him to the plaintiff at any time upon request. Defendant avers that, by reason of the foregoing facts, plaintiff is not entitled to recover judgment against this defendant in any sum in this cause. Wherefore, defendant prays

that the plaintiff take nothing by his complaint and that this defendant be discharged with its costs."

The second paragraph of defendant's answer alleges substantially the same facts as the first but does not refer specifically to the statute.

The appellee filed his separate and several demurrer to each of the first and second paragraphs of said answer, together with a memorandum thereon as follows: Comes now the defendant, Clarence W. Dearth, and demurs, separately and severally, to the first and second paragraphs of defendant's answer herein, on the following grounds: That neither of said paragraphs states facts sufficient to constitute a cause of defense to plaintiff's complaint and to the cause of action stated in plaintiff's complaint. In the memorandum to this demurrer, the appellee says: (1) That all proceedings taken by said House of Representatives of said General Assembly of the State of Indiana, leading up to and including the adoption of said articles of impeachment and the filing and presentation of same at the bar of said Senate of said General Assembly and all proceedings taken by said Senate thereon were taken, done and performed under and pursuant to an act of the General Assembly of the State of Indiana, approved March 8, 1897, and that said act is invalid in so far as it relates to judges of circuit courts for the reason that it is in conflict with the provisions of §12 of Art. 7 of the Constitution of the State of Indiana; (2) the act of the General Assembly of the State of Indiana, which was passed by said General Assembly at its sixtieth regular session and appears on pages 278 to 282, both inclusive, of the Acts of 1897, and which act was approved March 8, 1897, is invalid in so far as it relates to judges of circuit courts, for the reason that said act is in conflict with the provisions of §12, Art. 7, of the Constitution of the State of Indiana; (3) that the provisions of §15 of said act of the General

Assembly are invalid in so far as they relate to judges of the circuit courts for the reason that they are in conflict with the provisions of §12, Art. 7, of the Constitution of the State of Indiana; (4) §§1 to 18, both inclusive, of said act, approved March 8, 1897, of the General Assembly of the State of Indiana are invalid in so far as they relate to judges of the circuit court because they are' all in conflict with the provisions of §12, Art 7, of the Constitution of the State of Indiana. See §179 Burns 1926; (5) that, by reason of the invalidity of said §§1 to 18, both inclusive, of said act of the General Assembly of the State of Indiana, said House of Representatives had no power or jurisdiction to adopt, present or deliver to the Senate of said General Assembly, said articles of impeachment against the plaintiff herein, Clarence W. Dearth, as judge of the forty-sixth judicial circuit of the State of Indiana, on the 4th day of March, 1927, on the grounds and for the reasons stated therein; (6) for the reasons stated in paragraph 5 hereof, the Senate of the General Assembly of the State of Indiana, duly assembled at the 75th regular session of said General Assembly, had no power or jurisdiction to receive, and had no power or jurisdiction while sitting as a court of impeachment to hear, try or determine the charges presented by said articles of impeachment.

The court below, being the superior court of Marion County, sitting as a court of claims, sustained appellee's demurrer to each of the first and second paragraphs of appellant's answer, to which ruling of such court, the appellant at the time excepted and, having refused to answer further, elected to stand upon the answer and ruling of the court on the demurrer thereto. Judgment was rendered by the court against the appellant in the sum of $350 and costs, on the 19th day of October, 1927, and from such judgment this appeal is taken.

Section 12 of Art. 7, of the Constitution of the State

of Indiana, provides for the removal of judges and prosecuting attorneys and is in the following words: "Any judge or prosecuting attorney, who shall have been convicted of corruption or other high crime may, on information, in the name of the State, be removed from office by the Supreme Court or in such other manner as may be prescribed by law." §179 Burns 1926.

The only tribunal which has jurisdiction of any proceedings to remove a judge of a circuit court on the grounds specified in §12, of Art. 7, of the Constitution, is the Supreme Court of Indiana. §12122 Burns 1926; *State* v. *Redman* (1915), 183 Ind. 332, 109 N. E. 184.

A circuit judge does not belong to the class of officers who are subject to removal under §§7 and 8 of Art. 6 of the Constitution. §§164, 165 Burns 1926; *State, ex rel.,* v. *Friedley* (1893), 135 Ind. 119, 34 N. E. 872, 21 L. R. A. 634; *Board, etc.,* v. *Albright* (1907), 168 Ind. 564, 81 N. E. 578; *State, ex rel.,* v. *Tucker* (1874), 46 Ind. 355; *State* v. *Redman, supra.*

"When the constitution defines the circumstances under which a right may be exercised or a penalty imposed, the specification is an implied prohibition against legislative interference to add to the condition or to extend the penalties to other cases." Cooley, Const. Lim. (7th ed.) 99.

Section 12 of Art. 7 of the Constitution never intended to provide for impeachment and removal from office of judges by the General Assembly. Removal of judges for the causes named in said §12, Art. 7, is provided for by §19 of the aforesaid act of 1897. §12122 Burns 1926.

Statutory provisions for the impeachment of judges on grounds other than those specified in §12 of Art. 7, of the Constitution are void for being in conflict with said §12. *State* v. *Patterson* (1914),

181 Ind. 660, 105 N. E. 228; *State* v. *Redman, supra.* See, also, *Commonwealth* v. *Williams* (1880), 79 Ky. 42, 42 Am. Rep. 204; *Brown* v. *Grover* (1869), 69 Ky. 1; *Lowe* v. *Commonwealth* (1860), 60 Ky. 237, 241.

Appellant says the proceedings in this case were had pursuant to the provisions of the act of 1897, approved March 8, 1897, see Acts 1897 p. 278, and that the first 18 sections of said act are those pertinent; said sections are then set out in full in appellant's brief.

An examination of the statute to which reference is made shows that it is an act of the Legislature approved March 8, 1897, and consists of 36 sections, the last section being an emergency clause. Upon examination of the title to said act of 1897 and the act itself, it is plain that the subject-matter of the act is the removal of officers. The first section of said act cannot be construed as applying to judges and prosecuting attorneys, for such construction would make it repugnant to §12, Art. 7 of the Constitution of Indiana as to them. Sections 2 to 18, both inclusive, apply to causes of removal of officers under §§7 and 8 of Art. 6 of the Constitution. If the construction claimed by appellant is put on said sections of the act, they are repugnant to §12 of Art. 7 of the Constitution and are void, but said sections do not in express terms include the removal of judges, and it must be presumed that the members of the Legislature did not intend to pass an unconstitutional law, and we must hold that the Legislature did not intend to include judges in said sections. *State* v. *Patterson, supra.*

Another rule of construction is that where a statute is susceptible of two or more possible constructions, one of which will render it unconstitutional, that one will be adopted, if reasonable, which will rescue the act from unconstitutionality. *Crittenberger, Auditor,* v. *State, etc., Trust Co.* (1920), 189 Ind. 411,

425, 127 N. E. 552; *State* v. *Barrett* (1909), 172 Ind. 169, 87 N. E. 7; *State* v. *Lowry* (1906), 166 Ind. 372, 77 N. E. 728, 4 L. R. A. (N. S.) 528, 9 Ann. Cas. 350.

Sections 19 and 20 of said act of 1897 provide a method for removing from office judges and prosecuting attorneys. In §19, it is provided: "In case any judge or prosecuting attorney shall have been convicted of corruption or any other high crime, it shall be the duty of the Attorney-General to bring proceedings in the Supreme Court on information, in the name of the State, for the removal from office of such judge or prosecuting attorney, and, in case of judgment against the defendant on said information, such judgment shall be that the defendant be removed from office and be disfranchised and rendered ineligible to office during the lifetime of such defendant, or such shorter period as such court may deem expedient; and upon the rendition of such judgment, the Governor shall immediately appoint a successor to fill the vacancy created in office thereby." Section 20 provides: "In case any judge of the Supreme Court shall have been convicted of corruption or other high crime, the Governor shall designate five other judges of the State, who shall act as judges of the Supreme Court for the purpose of hearing and determining such questions which may arise on the information filed as above provided, in the name of the State by the Attorney-General against such judge."

By §12, Art. 7, of the Constitution of Indiana, it is expressly provided when and how judges and prosecuting attorneys may be removed from office, viz., after conviction of corruption or other high crime and by the Supreme Court of Indiana.

This act of 1897 does not provide any manner for the removal of judges from office other than that indicated in §12, Art. 7, of the Constitution. In plain and unmistakable language that section of the Constitution

provides that before an information can be filed in the name of the State for the removal from office by the Supreme Court, or in any other manner which may be prescribed by law, the fact of the conviction of corruption or other high crime must have preceded the filing of the information. And the conviction must have resulted at the hands of a tribunal competent to render a judgment of the character contemplated. *State* v. *Patterson, supra.*

In construing §12, Art. 7, of the Constitution and §19 of the act of 1897, the court, in *State* v. *Redman, supra,* says: "The language used fairly justifies the conclusion that when a conviction has resulted at the hands of a tribunal competent to render a judgment of the character contemplated and the officer is in prison and perforce unable to administer his office, occasion then arises when this court may on information remove the judge." Further on in *Redman* v. *State, supra,* the court says: "That the relief asked for by the State that the defendant be disfranchised and rendered ineligible for office hereafter must be denied. It is not provided for by §12, Art. 7, *supra,* and the legislature was without authority to add it to the removal on conviction which the constitution authorized. *State* v. *Patterson,* 181 Ind. 660, 105 N. E. 228."

In *State* v. *Patterson, supra,* the court in discussing this provision of the Constitution, says: "Section 1 of the act in controversy (§9628 Burns 1914, Acts 1897 p. 278) indicates that the Legislature did not consider judges or prosecuting attorneys as state officers, for it provides that 'all state officers, and *all judges and prosecuting attorneys* are liable to impeachment.'" *State* v. *Patterson, supra,* was an appeal by the State, and, in that case, the court further says: "Appellant contends with much earnestness that while said §12, Art. 7 authorizes the removal of judges and prosecuting

attorneys from office because of corruption or other high crime, it does not preclude the Legislature from prescribing other causes for removal. It is conceded, of course, that the legislative power is limited only by the constitutional inhibitions. State constitutions are intended to restrain legislative power rather than grant it, and unless some constitutional restriction can be designated, a legislative act must be held authoritative. . . . But the inhibition may be either express or implied. In construing constitutional provisions, a rule of general acceptance is, 'that which is expressed makes that which is silent to cease.' *Cougar* v. *Timberlake* (1897), 148 Ind. 38, 48, 46 N. E. 339, 37 L. R. A. 644, 62 Am. St. 487. When the Constitution declares how a right may be exercised, it impliedly prohibits its exercise in some other way. *Morris* v. *Powell* (1890), 125 Ind. 281, 25 N. E. 221, 9 L. R. A. 326; *Denny* v. *State, ex rel., supra.* The rule is expressed by Cooley as follows: 'When the constitution defines the circumstances under which a right may be exercised or a penalty imposed, the specification is an implied prohibition against legislative interference to add to the condition or to extend the penalty to other cases.' Cooley, Const. Lim. (7th ed.) 99. We are of the opinion that because of the provisions of §12, Art. 7, of the Constitution, the legislature is without power to prescribe any cause for the removal from office of a prosecuting attorney other than what is named in such section, and consequently negligence cannot be held as a lawful cause for removing such officer." The opinion in *State* v. *Redman, supra,* goes further and says, "While the provision of the Statute, §9646 Burns 1914, *supra,* in the particular just stated is in conflict with §12 of Art. 7, yet it does not carry down with it the rest of the section." It is further said in *State* v. *Redman, supra,* "As to other public officers, the Constitution provides for impeachment, or, that they may be removed

from office in such manner as may be provided or prescribed by law, . . . but as to judges and prosecuting attorneys, the Constitution specifies for what causes they may be removed from office and provides a more summary way than impeachment for such removal. A purpose of special concern was thus exhibited for this branch of governmental power, the judiciary, to keep it clean and its offices occupied by those unstained."

It will be observed that the Supreme Court in the cases of State v. Patterson, supra, and State v. Redman, supra, took the position asserted by appellee in the instant case, as to when and how and under what conditions judges and prosecuting attorneys may be removed from office. In view of the decisions in these cases, resort cannot be made to English precedents.

In construing written constitutions, the whole instrument is to be examined with a view of arriving at the true intention of each part and effect is to be given, if possible, to the whole instrument and to every section and clause. This rule is applicable with special force to written constitutions, in which the people will be presumed to have expressed themselves in careful and measured terms corresponding with the immense importance of the powers delegated, leaving as little as possible to implication. Cooley, Const. Lim. (7th ed.) pp. 91, 92.

We hold that the impeachment proceedings against appellee, Dearth, were without authority of law and wholly void. The court did not err in sustaining the demurrer to each paragraph of appellant's answer.

Judgment affirmed.