QUINN *v.* THE STATE.

ELECTION.—*Voter.*—*Qualifications.*—An indictment charged that the defendant voted at an election, "not having the legal qualifications of a voter."

*Held,* that the indictment was bad for not specifying what qualifications the voter lacked—for alleging, not a fact, but a conclusion of law.

SAME.—*Resident of Township.—Constitutional Law.*—The constitution requires
that a person shall have a residence in the township where he offers to vote,
without prescribing any period of residence; and the requirement of a residence
in the township of twenty days in section one of the act of 1867 (3 Ind. Stat.
234) and section six of the act of 1869 (3 Ind. Stat. 236) is unconstitutional.

APPEAL from the Wayne Criminal Circuit Court.

DOWNEY, C. J.—The appellant was indicted for illegal
voting. He moved to quash the indictment, which motion
was overruled, and he excepted. On the plea of not guilty
he was tried by a jury, and found guilty. He made a mo-
tion for a new trial, and also in arrest of judgment, which
motions were successively overruled, the proper exception
taken, and judgment rendered. He assigns for error: first,
that the court erred in refusing to quash the indictment;
second, in refusing him a new trial; third, in refusing to ar-
rest the judgment; fourth, in rendering judgment and sen-
tence on the verdict.

The indictment charges that on the 11th day of October,
1870, at said county, an election, duly authorized by law,
was held for the election of a secretary of state of the State
of Indiana; and that John Quinn, then and there, not having
the legal qualifications of a voter at such election, unlawfully,
knowingly, and wilfully voted at said election, contrary to
the form of the statute in such case made and provided, &c.

This indictment is, no doubt, predicated on sec. 59, 2 G. &
H. 473, which is as follows: "Any person, not having the
legal qualifications of a voter at any election authorized by
law, to be held in this State, for any officer whatever, who
shall vote, or offer to vote at such election, shall be fined not
less than five nor more than one hundred dollars."

The objection urged against the indictment is, that it does
not specify the qualification or qualifications which the de-
fendant lacked to make him a legal voter.

We think this objection ought to have prevailed. Not-
withstanding the form of indictment used in this case may
be found in a work of much merit on criminal practice in
this State, we are compelled to hold that, in this respect, it

is defective. The allegation that the defendant had not "the legal qualifications of a voter," is in its nature the statement of a legal conclusion, and not an allegation of fact. Among other essentials of an indictment, is this : that it must contain "a statement of the facts constituting the offense, in plain and concise language, without repetition." 2 G. & H. 401, sec. 54. How does this case differ in principle from that of *The Indianapolis, &c., R. R. Co.* v. *Bishop,* 29 Ind. 202, followed by this court at the present term in the case of *The Indianapolis &c., R. R. Co.* v. *Robinson, ante,* p. 380 ? That these latter cases are civil cases, while the case at bar is a criminal action, can make no difference. The rule of pleading is the same. If there was or should be any difference, it should be in favor of greater certainty and particularity in the criminal, than in the civil cases. It was held in these cases that to allege that the "defendant's road was not fenced as required by law," was stating a legal conclusion, and not a fact.

In England, it is made criminal by their game laws for any person not possessing certain qualifications to kill game, &c., and it has been constantly held to be necessary, in indictments against persons for violations of these laws, to traverse every legal qualification; and that it is not sufficient simply to allege that the person was not duly or legally qualified. *Rex* v. *Jarvis,* 1 Burr. 148; *The King* v. *Hill,* 2 Ld. Raym. 1415.

In *The State* v. *Moore,* 3 Dutcher, 105, under a statute of New Jersey, nearly in the same language as the statute on which the indictment in this case is founded, where the indictment alleged, that the defendant "did wilfully and unlawfully, give in his vote for the officers aforesaid, he, the said William J. Moore, then and there not being duly qualified to vote at said election for said officers, and then and there well knowing himself not to be duly qualified to vote at said election for said officers," &c., the court say, after considering and disallowing other objections, "But the indictment is fatally defective in not specifying the particular disability which is relied on as a disqualification of the de-

fendant as a voter. It lacks, in this particular, the first essential of a valid indictment, inasmuch as it does not apprise the defendant of the precise nature of the offense with which he is charged, so as to enable him to prepare his defense. It charges, indeed, that the defendant was not duly qualified to vote; but that is tantamount to charging that he labors under one or more of numerous disabilities imposed by the constitution and laws. Under what disability does he labor? That specific charge the State must establish upon the trial. That charge the defendant may repel by his evidence, and that, by every principle of good pleading, the defendant is entitled to know from the face of the indictment itself. But how can he know from this indictment the particular charge upon which the State means to rely, or the evidence necessary to make good his defense? Under this indictment the State may prove that the defendant is not white, or that he is not a citizen of the United States, or not a resident of this State one year, or of the county in which his vote was cast five months before the election, or that he was a pauper, or a convict, or any other constitutional or legal disqualification. The defendant must come prepared to prove his color, his age, his citizenship, and his residence; to rebut evidence of his being a pauper or a convict; or if convicted, to prove a pardon. A charge so general and so indefinite is inconsistent with the well settled rules of criminal pleading, and must of necessity embarrass, if not fatally prejudice the defendant in making his defense." And the indictment was held bad.

The court, in its directions to the jury, told them that, to constitute a legal voter, the party must be twenty-one years of age; must have been a *bona fide* resident of the State of Indiana for the six months immediately preceding the time of voting, and a *bona fide* resident of the township or precinct in which he votes or offers to vote, for twenty days next before that time, or in case of foreign birth, that he has resided in the United States one year, and has declared his intention to become a citizen thereof, in conformity to the laws thereof, and has the residence in the State for six

months, and the township for twenty days, as above stated. An effort was made by the defendant to get an instruction to the jury that he was a voter without the residence of twenty days in the township or precinct, if he possessed the other qualifications enumerated by the court, and was, at the time of voting, or offering to vote, a *bona fide* resident of the township or precinct; but the court refused to give the instruction.

Sec. 2 of article 2, of the constitution of the State is as follows:

"In all elections, not otherwise provided for by this constitution, every white male citizen of the United States, of the age of twenty-one years and upwards, who shall have resided in the State during the six months immediately preceding such election; and every white male, of foreign birth, of the age of twenty-one years and upwards, who shall have resided in the United States one year, and shall have resided in this State during the six months immediately preceding such election, and shall have declared his intention to become a citizen of the United States, conformably to the laws of the United States on the subject of naturalization, shall be entitled to vote in the township or precinct where he may reside."

In section 1, of the act of March 11th, 1867, 3 Ind. Stat. 234, it is enacted, "that no person shall be deemed to have acquired a residence in any township, city, or ward, so as to entitle him to vote therein, until he shall have been a *bona fide* inhabitant of such township, city or ward, at least twenty days before the day of election at which such person shall offer to vote." And in section 6 of the act of May 13th, 1869, 3 Ind. Stat. 236, it is enacted, that a person whose right to vote is challenged shall make oath, among other things, that he has been, "for twenty days last past, a *bona fide* resident of the township, precinct or ward."

We are of the opinion that these enactments are unconstitutional and void. The constitution requires only that the person shall be a resident of the township or precinct, in

order to entitle him to vote, if he possesses the other qualifications, and the legislature cannot say that this residence shall be, or shall have been, for any specific length of time. If it can say that it shall require twenty days to constitute a residence, why may it not say that it shall require ninety, or three hundred and sixty-five days?

In the case under consideration, suppose the defendant had resided in some other county in the State than Wayne county, or had resided in a township in that county different from the one in which he voted, for more than six months immediately preceding such election, but had removed to that township, and become a *bona fide* resident thereof on the tenth, or an any other day short of twenty days, prior to the election held on the 11th day of October, 1870, would he not, so far as this question is concerned, have been entitled to vote according to the constitution? It seems clear to us that he would.

It is not in the power of the legislature, by changing, or attempting to change, the well understood and commonly received sense of words in the constitution, as it attempted to do in the act of 1867, above quoted, to avoid or change the meaning or effect of a provision of the constitution. A person who has fixed his place of habitation at a point, intending to remain there, is a resident of that place. Webster defines the word "reside" to mean, "To *continue to sit*; to remain; to dwell permanently, or for a length of time; to have a settled abode for a time; to abide continuously; to have one's dwelling or home; to remain for a long time." It is clear to us that the word "reside," used in the clause of the constitution with reference to suffrage, was intended to embrace the idea of fixed or permanent residence. There must be the act of abiding or dwelling at the place, with the intention of remaining. Whenever these two unite there is residence, within the meaning of the constitution, and the party, so far as this qualification is concerned, is a voter.

Judge COOLEY, in his work on Constitutional Limitations, p. 64, says: "Another rule of construction is, that when the

constitution defines the circumstances under which a right may be exercised, or a penalty imposed, the specification is an implied prohibition against legislative interference, to add to the condition, or to extend the penalty to other cases."

In *Rison* v. *Farr*, 24 Ark. 161, the court held, that when the constitution, as in that State, fixes the qualifications of, and determines who shall be deemed qualified voters, these qualifications cannot be added to by the legislature. In addition to the requisites or qualifications required by the constitution, an act of the legislature provided that the voter should, among other things, swear that he had not voluntarily borne arms against the United States, or that State, &c., and the court held that the constitution of the State having fixed the qualifications of voters, this act of the legislature requiring an additional qualification was unconstitutional and void.

We know that many of our people honestly change their places of residence within twenty days next before each election. All these persons are, by the acts in question, deprived of a constitutional right, if this legislation is held valid. On the other hand, it may be conceded that persons may, from improper motives claim to have a residence where they have none, in order to exercise the right to vote. But the innocent should not be punished or deprived of their rights in order to punish the guilty, or to prevent them from doing wrong. The court, having instructed the jury that a residence of twenty days in the township was necessary to entitle the defendant to vote, committed an error.

The judgment is reversed, and the cause is remanded.

*W. A. Peelle* and *H. C. Fox*, for appellant.

*B. W. Hanna*, Attorney General, for the State.