STATE EX REL. HOLOVACHKA, PROSECUTING ATTORNEY, ETC. *v.* MURRAY, JUDGE OF LAKE CRIMINAL COURT, ETC.

[No. 29,264.   Filed June 2, 1955.]

*Metro M. Holovachka, pro se,* and *A. Martin Katz,* of Gary, for relator.

*William J. Murray, Judge, pro se.*

ARTERBURN, J.—This is an original action filed February 24, 1955. The petition asks for a writ of prohibition against the Judge of the Lake Criminal Court prohibiting the court from sitting as an appellate court in an appeal from the City Court of Gary, Lake County, Indiana. Rule 2-35 of this court provides:

> "Petitions for writs of mandate and prohibition . . . shall be accompanied by at least three copies of the appropriate form of the temporary or alternative writ to which the petitioner deems himself to be entitled, which writ shall command the respondent to show cause on or before a day to be fixed by the court why the writ should not be made permanent."

The relator has failed to comply with this rule. As a result, to date the respondent has never been notified of the pendency of this action and no response has been filed.

The rules of this court (2-35) further provide:

> "If the relief sought relates to a proceeding in an inferior court certified copies of all pleadings, orders and entries pertaining to the subject matter should be set out in the petition or made exhibits thereto."

An examination of the petition and exhibits failed to disclose any certified copy of any orders or entries of the Lake Criminal Court showing that it has ever assumed jurisdiction of the alleged appeal from the City Court or that it threatens to take any action whatsoever relating thereto. There is, however, attached to the petition, a purported printed calendar of Lake County Criminal Court which shows that this

alleged appeal was set for trial on the 3rd day of March, 1955, but this calendar is not certified as the official act of that court. The relator having failed to comply with the rules of this court, this cause is dismissed.

Emmert, C. J., Bobbitt, Achor and Landis, JJ., concur.

NOTE.—Reported in 126 N. E. 2d 900.