IN RE PETITION OF JUSTICE OF THE PEACE ASSOCIATION OF INDIANA, INC.

[No. 29,596. Filed January 10, 1958.]

*Frank J. Celarek,* of Fort Wayne, for petitioner.

*Cleon H. Foust, Amicus Curiae,* of Indianapolis.

*Ewing Rabb Emison, Jr., Amicus Curiae,* of Vincennes.

EMMERT, C. J.—The Justice of the Peace Association of Indiana, Inc., has filed a petition praying that this court proceed to authorize it to prepare examination questions for the approval of this court, and that its officers be authorized to conduct an examination at a time and place to be determined after approval of this court is granted pursuant to the latter part of §7 of Ch. 322 of the 1957 Acts, §5-132, Burns' 1946 Replacement (Supp.), which is as follows:

". . . Hereafter no person shall be eligible as a candidate for, or to hold the office of the justice of the peace in any township of this state unless, in addition to other prerequisites to eligibility as now provided by the Constitution and laws of this state, he shall have at least one of the three qualifications provided in this section:

"(a) (1) Who is an attorney in good standing of the Bar;

(2) Who has completed one full term of office as justice of the peace after January 1, 1948; or

(3) Who has received a passing grade in an examination approved by the Supreme Court of Indiana."[1]

---

1. As the Bill was originally introduced §8 provided as follows: "In any township as defined by sections 1, 2, 3 and 5 of this act, the township advisory board may appropriate and the township trustee may pay out of township funds an additional annual salary not to exceed five hundred dollars to a justice of the peace having any one of the qualifications hereinafter provided in subsection (a) and in any township as defined in section 5 of this act, the township advisory board may appropriate and the township trustee may pay out of township funds an annual salary not to exceed five hundred dollars, which salary shall be in addition to the fees authorized in section 5 to any such justice of the peace having any one of the qualifications provided as follows:

"(a) (1) Who is an attorney in good standing of the Bar;

(2) Who has completed one full term of office as justice of the peace after January 1, 1948, or

(3) who has received a passing grade in an examination approved by the Supreme Court of Indiana."

Since it appeared that several serious constitutional questions were involved, this court sought the aid of *amici curiae,* which has been generously and ably given both by briefs and upon oral argument on the petition.

It is to be noted that ch. 322 made no appropriation for conducting any examination, nor did the Budget Act do so. Nor did the Act say who was to conduct the examination, or what was a passing grade. Nor did it set up any standards concerning the examination as to legal skill. It is quite different from §4-3605, Burns' 1946 Replacement (Supp.), granting this court the right to admit lawyers to practice law before this court and the courts of this state. A Justice of the Peace is not an officer created by statute but a constitutional officer exercising part of the sovereign power of government, whereas an attorney as such does not exercise any of the sovereign power of government, although he is in fact an officer of the court and as such in proper cases has the right to invoke the jurisdiction of the court to exercise sovereign power. Moreover, the right to exercise some control by the courts over the admissions to practice law has been exercised as one of the inherent powers of courts of general superior jurisdiction. "Under our constitution, judicial power is vested in the courts, and, as attorneys are officers of the court, are subject to the rules of practice in the court, and owe to the court admitting them a proper degree of rectitude, the power exists as one of the inherent privileges of the court, and as necessarily incident to its control over the membership of its bar, to prescribe all reasonable rules for the admission of persons desiring to practice; such rules, of course, not conflicting with the constitution and laws

of the State." *In Re Petition of Leach* (1893), 134 Ind. 665, 671, 34 N. E. 641.[2]

We do not deem it necessary to decide all the constitutional doubts created by subsection (a), (3) of §7 of the Act. The justices of the peace are made constitutional officers and a part of the judicial system of this state by §14 of Article 7, which states: "A competent number of Justices of the Peace shall be elected, by the voters in each township in the several counties. They shall continue in office four years, and their powers and duties shall be prescribed by law." A justice of the peace is a township officer, and §6 of Article 6 provides, "All county, township, and town officers, shall reside within their respective counties, townships, and towns; and shall keep their respective offices at such places therein, and perform such duties, as may be directed by law."

This court has recognized the rule that where the Constitution prescribes qualifications for constitutional officers, the General Assembly cannot prescribe additional qualifications. "The General Assembly cannot impose qualifications upon officers beyond those prescribed by the Constitution. *State, ex rel.*, v. *McAllister* (1893), 38 W. Va. 485, 489, 18 S. E. 770, 24 L. R. A. 343, 345; *Darrow* v. *People* (1885), 8 Colo. 417, 420, 8 Pac. 661; *State, ex rel.*, v. *Covington* (1876), 29 Ohio St. 102, 117; *Mason* v. *State, ex rel.* (1898), 58 Ohio St. 30, 54, 50 N. E. 6, 41 L. R. A. 291;

---

2. See also *In Re Opinion of the Justices* (1932), 279 Mass. 607, 180 N. E. 725, 727, 81 A. L. R. 1059, where the court said: "Chief Justice Taney stated succinctly and with finality in Ex Parte Secombe, 19 How. 9, 13, 15 L. Ed. 565, 'it has been well settled, by the rules and practice of common-law courts, that it rests exclusively with the court to determine who is qualified to become one of its officers, as an attorney and counsellor, and for what cause he ought to be removed.'"

*People, ex rel.,* v. *May* (1855), 3 Mich. 598; *Attorney-General* v. *Abbott* (1899), 121 Mich. 540, 546, 80 N. W. 372; *State, ex rel.,* v. *Dunn* (1875), 73 N. C. 595, 606; *State, ex rel.,* v. *Woodson* (1867), 41 Mo. 227, 230; *State, ex rel., v. McSpaden* (1897), 137 Mo. 628, 635, 39 S. W. 81; *State, ex rel.,* v. *Von Baumbach* (1860), 12 Wis. *310, *312; *Fordyce* v. *State, ex rel.* (1902), 115 Wis. 608, 614, 92 N. W. 430; *Territory, ex rel.,* v. *Stubblefield* (1897), 5 Okla. 310, 319, 48 Pac. 112; *Sheehan* v. *Scott* (1905), 145 Cal. 684, 79 Pac. 350, 351; *State, ex rel.,* v. *Dillon* (1893), 32 Fla. 545, 569, 14 South. 383, 22 L. R. A. 124; *State, ex rel.,* v. *Bryan* (1905), 50 Fla. 293, 376, 39 South. 929; *State, ex rel.,* v. *Huegle* (1907), 135 Iowa 100, 101, 112 N. W. 234; *Shaw* v. *City Council, etc.* (1906), 131 Iowa 128, 104 N. W. 1121, 10 L. R. A. (N. S.) 825, 829." *State ex rel. Workman* v. *Goldthait* (1909), 172 Ind. 210, 218, 219, 87 N. E. 133.

In *Feibleman* v. *State ex rel. Brown* (1884), 98 Ind. 516, the appeal considered the validity of §1 of ch. 130 of the Acts of 1883, the proviso of which stated: "That when any justice of the peace is elected or appointed for any incorporated town or city, he shall reside and hold his court within the corporate limits of such town or city; and if any such justice of the peace shall reside outside of, or shall hereafter move out of, the corporate limits of such town or city, such office shall immediately become vacant." It was held the 1883 Act was invalid for it attempted to amend a section of an 1852 Act which had already been amended. It also reasoned that the legislature could not prescribe qualifications in addition to §6 of Article 6 of the Constitution by stating, "The rule seems to be that where the Constitution defines the qualifications of an officer, the Legislature may not change or require additional qualifications unless the power to do so is con-

ferred by the Constitution itself. *Thomas* v. *Owens*, 4 Md. 189; *In Matter of Dorsey*, 7 Port. 293; Cooley Const. Lim. 64. Involving the same principle, it has been held that the Legislature can not add to the constitutional qualifications of a voter. *Quinn* v. *State*, 35 Ind. 485; Cooley Const. Lim. 64; *Rison* v. *Farr*, 24 Ark. 161. While it is competent for the Legislature to prescribe where township officers shall keep their offices, it probably may not circumscribe the place of their residence to limits narrower than the boundaries of their respective townships." (Page 522.) See also 1 Cooley, Const. Lim. (8th Ed.), pp. 141-142 and notes. It is unnecessary to consider here what is the rule for offices created by statute.

We believe it was beyond the constitutional power of the General Assembly to provide qualifications for the office of justice of the peace in addition to those which were prescribed by the Constitution of Indiana. In construing our Constitution this court has decided "that which is expressed makes that which is silent to cease." *Robinson* v. *Moser* (1931), 203 Ind. 66, 179 N. E. 270; *State* v. *Patterson* (1914), 181 Ind. 660, 105 N. E. 228.

That part of §7 of Ch. 322 of the 1957 Acts which purports to provide additional qualifications for eligibility for justices of the peace is unconstitutional and void.

On January 6, 1958, the petitioner filed a motion to dismiss its petition. This was after the case had been briefed and argued, and partially considered by the court. The matter here involves the constitutionality of a statute concerning the right to public office and is of general public concern. It is not an action on a purely private right. It is not an

appeal or a cause of action, and there is no absolute right of dismissal. 2 I. L. E. 290, §414; 4 C. J. S. 1941, §1350; 3 Am. Jur. 322, §748. In view of the important public interest in the determination of the validity of the questioned section, we feel the matter should proceed to opinion and judgment. This motion to dismiss is overruled.

Petition denied.

Bobbitt, Achor and Arterburn, JJ., concur.

Landis, J., concurs in result.

NOTE.—Reported in 147 N. E. 2d 16.