244 Ind. 156 (1963)
191 N.E.2d 21
STATE EX REL. INDIANA STATE BAR ASSOCIATION
v.
MORITZ.
No. 30,351.
Supreme Court of Indiana.
Filed June 10, 1963.
Rehearing denied July 1, 1963.
*157 Frederick R. Franklin, of Indianapolis, for relator.
John R. Dollens, of Scottsburg, and Ruckelshaus, Bobbitt & O'Connor, of Indianapolis, for respondent.
ARTERBURN, J.
This is an action for a permanent injunction brought by the Indiana State Bar Association against the respondent, Christopher D. Moritz, under Rule 3-26 of this court to restrain his practice of law as a prosecuting attorney. The defendant has filed a motion to dismiss, alleging that there is a failure to comply with Rules 3-26 and 2-35 of this court because certified copies were not filed with the petition, and further urging that this court has no jurisdiction over the proceedings. We find that there is no merit to the motion to dismiss, since it appears that all the material allegations made are matters of which we take judicial notice.
Briefly, the facts are that the respondent Moritz was elected prosecuting attorney of the Fortieth Judicial Circuit of Indiana on November 6, 1962; that as such official, he has attempted to appear as an attorney in the Jackson Circuit Court, representing the State of Indiana in criminal cases. (See: State of Indiana on the relation of Christopher *158 D. Moritz, Prosecuting Attorney of the Jackson Circuit Court v. Jackson Circuit Court, No. 30373, Opinion dated March 14, 1963, 244 Ind. 54, 188 N.E.2d 530.) The respondent Moritz was not, at the time of his election, and never has been a member of the bar of this state. Reading the response and briefs of the parties in this case, we find no questions of fact are in issue. Matters of which we take judicial notice need not be supported by certified copies of such official action. 12 I.L.E., Evidence, § 1, p. 402.
The question of the jurisdiction of this court over the pending action is answered in the affirmative in a discussion of the merits of this case. We therefore overrule the motion to dismiss.
Coming now to the merits of this original action for injunction, we first note that the respondent Moritz has filed an answer under which he presents the issue and contention that although a person is not a member of the bar of this state and not an attorney-at-law, still, by reason of being elected prosecuting attorney in this state, he may represent the state as its attorney. Although this question is one of first impression in this state, insofar as we have been shown, it has been generally stated:
"As a general rule, under statutory and constitutional provisions, and even in the absence of specific requirements of statutes or constitutions, prosecuting attorneys must be attorneys at law entitled to practice. 27 C.J.S., District & Pros. Attys. § 4c, p. 630.
Article 7, § 11, of the Indiana Constitution provides:
"There shall be elected in each judicial circuit by the voters thereof a prosecuting attorney, who shall hold his office for four years...."
The framers of the Constitution used the words "prosecuting attorney," not merely "prosecutor."

*159 Ballentine's Law Dictionary, 2d Ed., 1948 states: "The word (attorney) unless clearly indicated otherwise, is construed as meaning attorney at law."
There can be no serious question raised in this case but that the prosecuting attorney's duties are concerned with representing the State of Indiana as an attorney at law, primarily in criminal matters, although there are many statutes requiring him to perform duties with reference to the practice of law in various fields, both civil and criminal. See, for example: Burns' § 3-1212 (Duty to resist an undefended petition for divorce); Burns' § 2-229 (Defense of state's interest in realty in suits to foreclose a mortgage on the realty); Burns' § 3-2013 (Duty to recover escheated property); Burns' § 28-312 (Duty to prosecute suits concerning state school funds); Burns' § 23-120 (Duty to enforce the state anti-trust laws).
In The People v. May (1855), 3 Mich. 598, 607, it is said:
"No instance occurred, to my knowledge, in which, under that constitution, any person was ever appointed to either of these offices who was not an attorney at law, and it would have been held an abuse of his office had any governor attempted any such thing. In addition to such popular, and it may be added executive understanding, we have that of the legislature also as to the import of these words. By the revised statutes of 1846, ch. 14, §§ 53, 60, the duties of this officer are prescribed; and among other things, he is required to appear and prosecute causes, whether civil or criminal, in which the state or county is a party, in all the courts of his county, and he is made the legal adviser of the county officers."
*160 In State ex rel. Neeriemer v. Daviess C.C., etc. et al. (1957), 236 Ind. 624, 142 N.E.2d 626, we stated:
"As prosecuting attorney he is attorney for the people of his judicial circuit, charged with the prosecution of crimes committed against the state in that prescribed area."
Under the statute (Burns' § 4-3605), the exclusive jurisdiction to admit attorneys to the practice of law in all courts of this state is stated to be in the Supreme Court. This is nothing more than a recital of the applicable constitutional law on the matter. We have under the Constitution, by virtue of the provision on separation of powers, the inherent jurisdiction to determine who are qualified as attorneys to practice law in this state. This is a judicial function, separate from that of either the executive or legislative departments.
Article 3, § 1 of the Constitution of Indiana reads as follows:
"The powers of the Government are divided into three separate departments; the Legislative, the Executive including the Administrative, and the Judicial; and no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided."
Article 7, § 1 also states:
"The judicial power of the State shall be vested in a Supreme Court, in Circuit Courts and such other courts as the General Assembly may establish."
Rule 3-3 of this court provides that a roll of such qualified attorneys be maintained.
We must construe the Constitution so as to give effect to all of its parts if possible, among them *161 being the inherent jurisdiction of the Supreme Court to control the operation of the judicial department of the government, including the fixing of qualifications for members of the bar who practice before the court. In doing so we are not adding a qualification to a constitutional office, but merely recognizing the necessary duties implicit in the term "prosecuting attorney" as used in the Constitution and as comprehended in the duties of the office.
Although in this case we are narrowly concerned with merely the duties of the office of prosecuting attorney (the practice of law) and are not concerned here with the constitutional qualifications for holding that office, yet to justify our conclusions in this case, we note that in practically all the sister states where a question such as this has arisen, those jurisdictions have held that the prosecuting attorney must be a licensed member of the bar, competent to practice in that jurisdiction.
In The People v. Munson (1925), 319 Ill. 596, 150 N.E. 280, the Supreme Court of Illinois held that a motion to quash a robbery indictment should be granted because the prosecuting attorney was not a member of the bar competent to practice law and, therefore, could not be a prosecuting attorney. In The People v. May (1855), 3 Mich. 598, 606, the Supreme Court of Michigan stated:
"That the natural and technical import of the words or title prosecuting attorney are identical, I shall not stop to argue at length; our common experience teaches us that they suggest to every person alike the idea of an attorney at law set apart to conduct the public business, whether of a civil or criminal nature  and perhaps primarily  that of a criminal character in the courts of law."
*162 In Danforth v. Egan (1909), 23 S.D. 43, 51, 119 N.W. 1021, it is said:
"We think the word `attorney' in the name of the officer holding this office ... forecloses all question as to intent of the framers of the Constitution."
Other jurisdictions in harmony with this interpretation are: People ex rel. Elliott v. Benefiel (1950), 405 Ill. 500, 91 N.E.2d 427; In re Opinion of Justices (1922), 240 Mass. 611, 135 N.E. 305; Snyder's Case (1930), 301 Pa. 276, 152 Atl. 33; Enge v. Cass (1914), 28 N.D. 219, 148 N.W. 607; Fallon v. State (1910), 8 Ga. App. 476, 69 S.E. 592; The State v. Russell (1892), 83 Wis. 330, 53 N.W. 441. The only authority which we can find to the contrary is People v. Dorsey (1867), 32 Cal. 296.
It is argued that this court cannot impeach a prosecuting attorney except as provided in the Constitution. This is not an impeachment proceeding. It is merely an adjudication that the respondent in this case was not qualified to perform the duties of an attorney, even though he received a majority vote of the electors of his judicial district. There is no impeachment or removal from such office involved in this case. Carson v. McPhetridge (1860), 15 Ind. 327; Gulick v. New (1860), 14 Ind. 93; Smith v. Moore (1883), 90 Ind. 294.
To accept the respondent's position would mean that the Supreme Court must abdicate its jurisdiction to determine who are qualified to practice law in this state. It would mean that to defend a man in a criminal case one must be a qualified attorney, admitted to the bar, while to represent the State of Indiana and the public interest, one need not have any legal education whatsoever. Even a disbarred, disgraced, *163 totally incompetent attorney would have the right to represent the dignity of the State of Indiana. This very question arose in Danforth v. Egan (1909), 23 S.D. 43, 47, 119 N.W. 1021, where a disbarred attorney was elected to the office of state's attorney. The court in that case first stated:
"Did the framers of the Constitution intend to indirectly take from the courts, in favor of a certain excepted class of persons, a right which the statutes of the territory had recognized as resting in the courts  a right recognized for centuries, by all countries and states having laws based on the English common law, as the inherent right of the court, a right necessary in the very nature of courts and the duties devolving upon them, a right which, if lost, would soon bring the courts of our land into contempt  the right to say who shall as attorneys be recognized as officers of the courts.... This right of the courts is as much the law of our land, and of as much dignity as such, as any law found in the Constitution or statutes."
The court then concluded: (pp. 51, 52)
"[W]e venture that it has never before occurred to any one that this office could be filled by one not an `attorney,' as the word `attorney' is understood when applied to a prosecuting officer....
.....
"This right to practice law, to be an `officer of the court,' is not an absolute right, but is a privilege or license."
The enforcement of the criminal law is in the interest of protecting the public. It naturally follows that it is in the interest of the public to have a competent attorney to carry out the duties of such an office, not one unlearned in the law and, as a result, ineffective in the prosecution of crime. At the same *164 time, individuals constituting the public generally should be protected against an unqualified person who must exercise discretion based upon legal knowledge. Such a prosecutor could, in his ignorance and lack of discretion which should be controlled by legal principles, institute unwarranted criminal proceedings against persons who have acted with legal justification.
We find that the respondent-defendant, Christopher D. Moritz, is attempting to practice law in the performance of duties as a prosecuting attorney of this state without the qualifications of an attorney at law and without meeting the requirements for admission to the bar of this state.
The petition in this case is granted and the respondent-defendant, Christopher D. Moritz, is permanently enjoined from engaging, in and out of court, in the practice of law in the State of Indiana until he is duly admitted to the bar of this state.
Landis, J., concurs; Achor, J., concurs with opinion; Myers, C.J., and Jackson, J., dissent with opinions.

CONCURRING OPINION
ACHOR, J.
It is asserted that relator's petition herein must be dismissed because of the failure of relator to file certified copies of the related proceedings in the trial court, as required by Rules 2-35 and 3-26 of this court. Those parts of the rules relied upon are as follows:
"If the relief sought relates to a proceeding in an inferior court certified copies of all pleadings, orders and entries pertaining to the subject matter should be set out in the petition or made exhibits thereto ..." Rule 2-35.
"If any exhibit shall be a matter of public record one certified copy thereof shall be filed with the original petition or return...." Rule 3-26.
*165 However, the above quoted provisions of the rules are not controlling under circumstances here presented because this court must take judicial knowledge of the "pleadings, orders and entries" and "exhibits" in the trial court pertaining to the subject matter of the proceedings. These are sufficient to present this case on the merits.
This court previously had before it the case of State v. Jackson Circuit Court (1963), 244 Ind. 54, 188 N.E.2d 530. In that case the respondent sought writ of prohibition. By his own allegation he stated that he had been restrained from acting as prosecuting attorney in a criminal case then pending in the Jackson Circuit Court entitled "State of Indiana v. Beatrice Oliver, No. 6656." We take judicial notice of the records, the transcript of evidence, and our opinion in that case. It is provided by Acts 1947, ch. 189, § 4, p. 625, being § 9-3303, Burns' 1956 Repl., as follows, in part:
"[T]he Supreme Court of the State of Indiana shall take judicial notice ... of its own records, any transcript of evidence on file with it or its clerk and its own opinions, concerning any proceeding had by the defendant in said Supreme Court concerning . .. any proceeding for a writ of prohibition."
Also, see: 12 I.L.E. § 8, p. 422. Proof need not be made of those matters of which the court takes judicial notice.
It is stated by Jackson, J. (my esteemed colleague) in his dissenting opinion, that to require prosecuting attorneys to be "licensed lawyers had added a qualification to the Constitution of Indiana which was not there when written nor has it been there in the past one hundred twelve (112) years." I submit that this statement is not supported by either (1) the express *166 language of the Constitution of Indiana, (2) the case law, or (3) sound public policy, as he also asserts.
It is assumed that the term "licensed lawyers" means those persons who have been admitted to the practice of law in the courts of this state. Throughout the history of this state, only persons whose qualifications were approved by the court and whose names were formally entered in the records of the court have been permitted to engage in the practice of law. By this process a person becomes an "attorney."
The Indiana Constitution specifically describes the office as that of "prosecuting attorney." Art. 7, § 11. The term clearly contemplates that the official be an attorney to whom is ascribed the responsibility, among other things, of prosecuting criminal actions in our courts. It is assumed that the framers of the Constitution hammered out its provisions with meticulous care and that each word was carefully chosen to express their intention. State v. Dearth (1929), 201 Ind. 1, 164 N.E. 489; State ex rel. v. Grant Superior Court (1930), 202 Ind. 197, 172 N.E. 897. Admittedly, the word "attorney" has other meanings than that of a lawyer. However, "[t]he word (attorney) unless clearly indicated otherwise, is construed as meaning attorney at law." Ballentine's Law Dictionary, 2d Ed., 1948. It has never had any other meaning, as related to the practice of law in our courts. Had the framers intended to place a different construction upon the term, as asserted by respondent, it is expected that they would have described the office as merely that of "prosecutor," or "public prosecutor." Instead, they used the term "prosecuting attorney." [Art. 7, § 11, supra.] We must assume that they intended the prosecutor to be an attorney as they described him to be.
*167 In support of the contrary position, respondent cites and relies upon the cases of In re Petition of Justice of the Peace Assoc. of Ind. (1958), 237 Ind. 436, 440, 147 N.E.2d 16, and State ex rel. v. Ellis (1916), 184 Ind. 307, 321, 112 N.E. 98.
In the Justice of the Peace case, supra, the court correctly enunciated the rule that, "[W]here the Constitution prescribes qualifications for constitutional officers, the General Assembly cannot prescribe additional qualifications...." It is argued that, for the same reason, this court cannot prescribe additional qualifications for prosecuting attorneys. However, that case provides no precedent for a decision in the case at bar for two reasons.
Although Art. 6, § 6 of the Indiana Constitution provides certain qualifications for county, township and town officers, this provision is not applicable to the office of prosecuting attorney. This court, in the case of State v. Patterson (1914), 181 Ind. 660, 105 N.E. 228, held that a prosecuting attorney is neither a state nor county officer. Therefore, Art. 6, § 6, which prescribes certain qualifications for county, township and town officers, including justices of the peace, is not applicable to prosecuting attorneys. Thus, there are no constitutionally prescribed qualifications for the office of prosecuting attorney except as designated in the title of the office itself, which describes the officer as an attorney. Therefore, even though the term "prosecuting attorney" were subject to construction, the maxim "expressio unius exclusio alterius" [26 I.L.E. § 119, p. 327] would not be applicable in determining such construction.
Furthermore, it is to be noted that this court, in the recent case of State ex rel. Gary Bar Assn., etc. v. Dudak, etc. (1955), 234 Ind. 413, 127 N.E.2d 522, *168 held that a justice of the peace could not practice law, which is the primary issue with which we are here concerned, although the practice of law was not one of the several limitations placed upon the office by the Constitution.
In the case of State ex rel. v. Ellis, supra [184 Ind. 307, 321], this court held that, by reason of Art. 7, § 12 of the Indiana Constitution, "[n]either lack of intellect, learning nor even moral courage, in [a] prosecuting attorney ... constitutes a disqualification to act officially, ..." [Such a condition might exist with respect to an attorney admitted to the bar under Art. 7, § 21, since repealed.] However, the court did not purport to hold that the prosecuting attorney need not be an attorney at law.
Finally, we consider the contention that reason and public policy supports respondent's position that the injunction should be denied. First, it is asserted that by reason of laches on the part of relator in bringing this action, the injunction should be denied. However, it is doubtful whether relator could have maintained this action until respondent actually engaged in the practice of law. Secondly, it is vigorously contended that this court should not interfere with the functioning of the office of the respondent who was duly elected by the people of Jackson County to fill the particular office, and that an injunction, if issued, would operate as a great hardship upon the people of the county.
We are aware that hardship will result because of the inability of the elected prosecuting attorney to practice law. However, the hardship may be as great, or even greater, if we were to yield to the purported exigencies of this case. Since this action was filed, respondent has filed a petition for admission to the *169 bar. In his petition, he concedes that he twice failed to pass the written bar examination given by this court, and that thereafter he was given the unprecedented privilege of an oral examination, which was not accepted as satisfactory.

DISSENTING OPINION
JACKSON, C.J.
I am unable to agree with the conclusions reached in the majority opinion and therefore dissent thereto.
Relator brought this action for a permanent injunction against Christopher D. Moritz, the duly elected, commissioned, qualified and acting Prosecuting Attorney of the 40th Judicial District of Indiana, seeking to enjoin him from the practice of law as a Prosecuting Attorney.
The respondent filed a motion to dismiss the action based on the relator's failure to comply with Rule 2-35 and Rule 3-26 of this Court. The majority opinion states that this court will take judicial notice of those matters which would be contained in the certified record of the proceedings in the trial court. Rule 2-35 of this Court in pertinent part provides without exception:
"... If the relief sought relates to a proceeding in an inferior court certified copies of all pleadings, orders and entries pertaining to the subject matter should be set out in the petition or made exhibits thereto...."
Rule 3-26 also provides, in pertinent part, without exception that:
"... If any exhibit shall be a matter of public record one certified copy thereof shall be filed with the original petition or return...."
These rules requiring the setting out of certified copies were adopted in order that this Court might *170 have essential information relating to the questions which are presented.
The relator is not immune from these well established rules of practice. The case books and citators are replete with instances of actions having been dismissed by this Court because of a failure to comply with these rules. The petition filed by the Bar Association lists seventeen (17) different acts of Mr. Moritz, each and all of which are matters of public record and are without certification as required by Rule 3-26, supra, and Rule 2-35, supra, of this Court. Because of failure to file at least one (1) certified copy of matters of public record the petition is insufficient, State ex rel. Williams v. Sup. Ct. of St. Joseph Co. (1950), 228 Ind. 157, 94 N.E.2d 591, and should be dismissed. State v. Murray (1955), 234 Ind. 383, 126 N.E.2d 900. It should be noted that these defects in relator's petition were pointed out by the respondent some weeks ago, and relator has made no attempt whatsoever to correct them.
The factual situation presented here is that the respondent defeated his Democratic opponent in the primary election in May 1962, and his Republican opponent in the election in November 1962. Each of these opponents was a member of the bar who had been regularly admitted to practice before this Court. It is regrettable that the relator and the persons who procured the institution of this action delayed bringing any action against the respondent until after he had defeated his opponents, had been duly elected, qualified, commissioned and had entered upon the official duties of his office. The record discloses that between January 2d and January 8, 1963, the respondent had appeared in seventeen *171 criminal, juvenile and paternity matters pending in the Jackson Circuit Court.
The office of Prosecuting Attorney is a Constitutional office. Article 7, § 11, of the Constitution of Indiana, reads as follows:
"There shall be elected in each judicial circuit by the voters thereof a prosecuting attorney, who shall hold his office for four years, and whose term of office shall begin on the first day of January next succeeding his election. The election of prosecuting attorneys under this section shall be held at the time of holding the general election in the year 1954 and each four years thereafter: Provided, That any such officer whose term is abridged by virtue of this section shall continue to serve until January 1, 1959."
The function of this Court in construing this portion of the Constitution is to give effect to the intent of its framers. I cannot find in the words of this provision, as the majority opinion has, the certain indication that a qualification for the office of Prosecuting Attorney is that he be an attorney-at-law. To ascribe such a meaning to those terms would be to furnish a meaning not found in its terms. The term Prosecuting Attorney in the context of its setting provides only the authority for the establishment of that office. The designation may further indicate the nature and character of the office, but it clearly was not meant to nor does it define the qualifications of that office.
The Supreme Court of Indiana in the instant case in deciding that prosecuting attorneys must be licensed lawyers has added a qualification to the Constitution of Indiana which was not there when written nor has it been there in the past one hundred twelve (112) years. It is a rule well established in Indiana that a *172 constitutional practice acquiesced in for a period of years fixes a construction and the Court will not change it. See: In re Todd (1935), 208 Ind. 168, 211, 193 N.E. 865.
In the case In re Petition of Justice of the Peace Assoc. of Ind. (1958), 237 Ind. 436, 440, 147 N.E.2d 16, it was said by this Court:
"This court has recognized the rule that where the Constitution prescribes qualifications for constitutional officers, the General Assembly cannot prescribe additional qualifications. The General Assembly cannot impose qualifications upon officers beyond those prescribed by the Constitution...."
The legislature thus being unable to impose additional qualifications for constitutional offices it follows that this Court is likewise unable to do so.
The majority opinion states that the public interest demands a competent attorney to carry out the duties of a Prosecuting Attorney. There is no allegation in any of the proceedings before this court that show respondent was not qualified to perform the duties of his office other than that he had not been formally admitted to practice law and relator by its own action has prevented respondent from either proving or disproving his ability to properly conduct the affairs of his office. We note that there was no requirement in Indiana that Judges be admitted to practice law until the Constitutional amendment of 1960. If it be deemed essential that the Judge be better qualified than the advocate, and I agree with that conclusion, then it follows if the public desires prosecutors to be attorneys the requirement should be implemented by a proper Constitutional amendment.
This Court has well said:

*173 "... We do not hold that because the judge of some court might be of the opinion that a given cause might be better prosecuted by some one other than the regular official, he would, therefore be warranted in appointing such other person as special prosecutor. Neither lack of intellect, learning, nor even moral courage, in prosecuting attorney, judge or other elective officer, constitutes a disqualification to act officially, and a judge would no more be justified in supplanting a prosecuting attorney for such deficiency than would the latter be warranted in demanding a more learned, conscientious and capable judge to hear the causes he must prosecute. The responsibility for lack of capacity in officers must rest on the people who elected them." State ex rel. v. Ellis (1916), 184 Ind. 307, 321, 112 N.E. 98.
Finally we must consider the consequences of this improvident action. There has already been an appointment by the Judge of the Jackson Circuit Court of two special Prosecuting Attorneys to try a homicide case, such trial resulting in a dismissal of the criminal charge before a verdict and after jeopardy had attached; according to relator's petition, at the time of filing thereof, there were pending in the Jackson Circuit Court twenty-four (24) criminal cases, and four (4) juvenile cases then set for hearing. We have no way of knowing the present status of these cases, but the pertinent questions of extreme importance to the residents of Jackson County are: what is going to happen to those cases, who is going to try them, what is it going to cost the county, will someone accused of crime escape trial, and will someone who should be convicted of a criminal offense escape punishment? It appears that this action has been instrumental in causing a breakdown of law and order in Jackson County, in creating great expense to the taxpayer, in causing the dismissal of one serious criminal charge *174 and uncertainty as to the disposition of not only cases presently on the criminal and juvenile dockets, but as to future matters. The responsibility for this situation rests heavily and squarely on the shoulders of the Judge, the Bar Association of Jackson County, the State Bar Association and this Court.
Respondent's petition to dismiss this action should be sustained.
Myers, J., concurs with opinion.

DISSENTING OPINION
MYERS, C.J.
I concur in the dissenting opinion written by Judge Jackson and offer further reasons why I think relator's petition for permanent injunction should be denied.
It appears to me that the majority opinion overlooks the fact that the question presented is primarily one of constitutional interpretation. The Constitution is that of Indiana, and the interpretation is that given to it by the courts of this state, primarily the Supreme Court. Because one of its provisions is similar to a provision in the Constitutions of other states does not mean that this court has to adopt the meaning given to it by the courts of the other states, for it cannot be assumed that if was taken from any certain one so as to follow the construction placed thereon by such state prior to adoption. Voss v. Waterloo Water Co. (1904), 163 Ind. 69, 71 N.E. 208. Thus, the fact that sister states have construed their prosecuting attorneys as being officers required to be admitted to the bar is not binding on us.
In general, it has been held that in a written Constitution the people will be presumed to have expressed themselves carefully, leaving as little as possible to implication. The presumption is that the constitutional *175 language was carefully chosen to express the intentions of the framers. State v. Dearth (1929), 201 Ind. 1, 164 N.E. 489; State ex rel. v. Grant Superior Court (1930), 202 Ind. 197, 172 N.E. 897. This would apply to amendments to the Constitution.
The usual principles governing the construction of statutes apply also to the construction of constitutional provisions. Kirkpatrick v. King et al. (1950), 228 Ind. 236, 91 N.E.2d 785. A rule of statutory construction is embodied in the maxim "expressio unius exclusio alterius," meaning that the enumeration of certain things in a statute implies the exclusion of all others. 26 West's Ind. Law Ency., Statutes, § 119, p. 327. This maxim may be used here to arrive at the intentions of the framers of our Constitution adopted in 1851 together with subsequent amendments.
There was no reference to the office of prosecuting attorney in the Indiana Constitution adopted in 1816 when Indiana became a State in the Union. The Constitution of 1851 stated:
"There shall be elected, in each Judicial Circuit, by the voters thereof, a Prosecuting Attorney, who shall hold his office for two years." Art. 7, § 11.
No qualifications were specified for the eligibility to hold that office. There are certain other elective officials created by the Constitution where there are no qualifications for the holding of office, such as Clerk of the Supreme Court (Art. 7, § 7) and Justice of the Peace (Art. 7, § 14).
However, the Constitution sets up specific qualifications for other elective officials as to age, citizenship and residence, such as electors (Art. 2, § 2), State Senators and Representatives (Art. 4, § 7), Governor and Lieutenant Governor (Art. 5, § 7), and certain *176 county officers (Art. 6, § 4). Judges of the Supreme Court and of the Circuit Courts were limited only as to residence within their respective judicial districts and circuits. Neither they nor Justices of the Peace were required to be attorneys admitted to the bar. In fact, today, there is no requirement that a Judge of the Supreme Court be admitted to practice law.
Since 1851, many courts have been created by the General Assembly pursuant to its constitutional power to do so. There have been superior, criminal, probate, juvenile, municipal and magistrate courts, as well as the Appellate Court of Indiana, brought into existence to assist in the administration of justice. In so creating these courts, only a few of the Acts of the Legislature required the Judges thereof be admitted to practice law before the bar of this state. Judges of the Appellate Court, created in 1891, and of the Marion Municipal Courts, created in 1923, were required to be lawyers of previous experience before they could hold office.
Thus, Judges, whom people think normally should be trained in the field of law and ought to possess the background of practicing attorneys, were not so required by our Constitution or the Acts of our Legislature. It is only recently that the General Assembly made effort to correct this situation. In 1953, it passed a law providing additional prerequisites of eligibility for Judges and candidates for the office of Judge in which it stated that thereafter no person could be eligible as a candidate for, or hold the office of, Judge of the Supreme or Appellate Court, nor of any probate, circuit, superior, criminal or juvenile court in the state unless, in addition to other prerequisites of eligibility, he shall have been duly admitted to practice at the bar of the Supreme Court *177 of this state or have acted as a judicial officer of the state or municipality therein. Burns' Ind. Stat., § 4-3267, 1946 Replacement (Supp.).
This act could only apply to those courts created by the Legislature, since constitutional offices cannot be affected by qualifications imposed by the Legislature. State ex rel. v. Golthait (1909), 172 Ind. 210, 87 N.E. 133. Therefore, the General Assembly proposed an amendment to the Constitution in 1957, which passed the 1959 session and was voted upon and adopted in the general election of 1960. This amendment required only Judges of the Circuit Courts to be duly admitted to practice law by the Supreme Court. It omitted Judges of the Supreme Court and prosecuting attorneys. (Art. 7, § 9.) In the meantime, just prior to this, in 1952, the section pertaining to prosecuting attorneys was likewise amended and adopted by the voters. All this amendment did was to enable a prosecutor to serve a four-year term of office instead of a two-year term.
In my opinion, this silence on the part of the 1851 Constitution regarding the office of prosecuting attorney, and the amendment thereto, is most indicative of an intention not to require any qualification that he be a practicing lawyer admitted to the bar.
The Legislature proposed the prosecuting attorney amendment in 1949, which went through the 1951 session and was adopted by the people in 1952. It passed the Judges' eligibility bill into law in 1953. It promoted the Circuit Judges' amendment in 1957, passed on it in 1959, and it was adopted by the people in 1960. The opportunity was there, and it would have been a simple matter, to have injected into each amendment and the act of 1953 a clause to the effect that the prosecuting attorney be duly admitted to the *178 bar of Indiana as a qualification to office. That this was not done is a clear expression on the part of the people of Indiana and its General Assembly that this was a deliberate and purposeful omission.
It is to be noted that the Legislature in 1889 created the elective office of Attorney General (Acts 1889, ch. LXXI, p. 124). There was no requirement that he be a practicing lawyer admitted to the bar. Subsequently, the General Assembly, in 1941, changed the law pertaining to the Attorney General so that this is now a prerequisite to being elected to the office. Burns' Ind. Stat., § 49-1921, 1951 Replacement.
At times, silence can make more noise than the explosion of an atomic bomb.
The majority opinion emphasizes the fact that the Constitution makes use of the word "attorney" in designating the office of prosecuting attorney, and claims this can only mean that he must be an attorney at law. However, the word "attorney" has other meanings than that of a lawyer. In general, it denotes an agent or substitute, or one who is appointed and authorized to act in the place or stead of another. Black's Law Dictionary, 4th Ed., p. 164. There are attorneys in fact and attorneys ad hoc who may be laymen. A power of attorney authorizes one person to act for another without requiring that he be an attorney at law. Our Constitution used the words "Prosecuting Attorney" as a designation of office  as a person who acts as an agent for the state. When the respondent herein took the oath of office after his election he became qualified to proceed against persons criminally and perform the other duties of a prosecuting attorney as set out by law, although he could not appear in court, advise or assist in the conduct of any other type of litigation.
*179 It may well be expedient and proper that a prosecuting attorney should be a qualified lawyer. It may be also that he should be graduated from a fine law school, be a person of great wisdom, sagacity and experience in the law, but such is not required in our Constitution, and this court in construing a constitutional provision cannot substitute for the clear language of the Constitution its own ideas, predilections and notions of what the provision should have been. Woessner v. Bullock (1911), 176 Ind. 166, 172, 93 N.E. 1057.
The majority opinion completely ignores a decision rendered only a few years ago by this court. In the case of In re Petition of Justice of the Peace Assoc. of Ind. (1958), 237 Ind. 436, 147 N.E.2d 16, the court considered an act of the General Assembly which had been passed in 1957 pertaining to Justices of the Peace. It stated that no person should be eligible to hold the office of Justice of the Peace unless he should have at least one of three qualifications which were (1) that he be an attorney in good standing at the bar; (2) that he had completed one full term as a Justice of the Peace after January 1, 1948; or (3) that he receive a passing grade in an examination approved by the Supreme Court. An organization entitled Justice of the Peace Association of Indiana, Inc., filed a petition with this court asking that it be permitted to prepare and conduct an examination pursuant to the terms of the statute. In denying the petition, Judge Emmert, speaking for the court, said as follows (at pages 440, 442 of 237 Ind., at pages 18, 19 of 147 N.E.2d):
"This court has recognized the rule that where the Constitution prescribes qualifications for constitutional officers, the General Assembly cannot prescribe additional qualifications. `The General *180 Assembly cannot impose qualifications upon officers beyond those prescribed by the Constitution....'
"We believe it was beyond the constitutional power of the General Assembly to provide qualifications for the office of justice of the peace in addition to those which were prescribed by the Constitution of Indiana. In construing our Constitution this court has decided `that which is expressed makes that which is silent to cease.' Robinson v. Moser (1931), 203 Ind. 66, 179 N.E. 270; State v. Patterson (1914), 181 Ind. 660, 105 N.E. 228."
It seems illogical that this court would hold that the legislative branch of government cannot prescribe additional qualifications to a constitutional office such as Justice of the Peace, and yet do that very thing to a Prosecuting Attorney as the judicial branch of government.
The petition for permanent injunction should be denied.
Jackson, J., concurs with opinion.
NOTE.  Reported in 191 N.E.2d 21.