### In the Matter of Blaine GOODE.

### No. 38S00–0408–DI–347.

Supreme Court of Indiana.

Sept. 22, 2005.

### *ORDER SETTING EFFECTIVE DATE OF SUSPENSION*

On September 13, 2005, this Court ordered the suspension of Blaine Goode, Chief Deputy Prosecuting Attorney of Washington County. *Matter of Goode*, 834 N.E.2d 85. We now set the effective date of that suspension as October 10, 2005.

This Court, being duly advised, notes that a county chief deputy prosecuting attorney's duties are concerned with representing the State of Indiana, primarily in criminal matters, although there are many statutes requiring her to perform duties with reference to the practice of law in various fields, both civil and criminal. *State ex rel. Indiana State Bar Association v. Moritz*, 244 Ind. 156, 191 N.E.2d 21 (1963). Accordingly, Mr. Goode's suspension from the practice of law renders him disqualified from performing the duties of a chief deputy prosecuting attorney. *Matter of Catt*, 672 N.E.2d 410 (Ind.1996).

Therefore, Mr. Goode must be suspended from the performance of his duties as chief deputy prosecuting attorney during his period of suspension from the practice of law, and his pay for services as chief deputy prosecuting attorney should be discontinued during his period of suspension.

IT IS, THEREFORE, ORDERED that Blaine Goode is hereby suspended, effective October 10, 2005, from his duties as chief deputy prosecuting attorney of Washington County for a period of sixty (60) days. During such period of suspension, all payments to her for services as chief deputy prosecuting attorney shall be discontinued.

The Clerk of this Court is directed to forward notice of this Order to Blaine Goode and his attorney of record; the Indiana Supreme Court Disciplinary Commission and its attorney of record; to the Hon. Robert L. Bennett, Washington Circuit Court, 99 Public Square, # 200, Salem, IN 47167–2098; to the Hon. Frank Newkirk, Jr., Washington Superior Court, 801 Jackson Street, Salem, IN 47167–1218; to the Division of State Court Administration, payroll department; to the Auditor of Washington County; to the Clerk of the Washington Circuit Court; and to West Publishing Company for publication.

All Justices concur.