In the Matter of Robert C. SZILAGYI, Respondent.

No. 46S00–1204–DI–217.

Supreme Court of Indiana.

June 29, 2012.

## PUBLISHED ORDER APPOINTING TEMPORARY PROSECUTING ATTORNEY

BRENT E. DICKSON, Chief Justice.

On June 20, 2012, this Court ordered the suspension of Robert C. Szilagyi, Prosecuting Attorney of LaPorte County, for sixty days with automatic reinstatement, subject to the conditions of Admission and Discipline Rule 23(4)(c). We set the effective date of that suspension as August 1, 2012, and ordered that Respondent not undertake any new legal matters between service of the order and the effective date of the suspension, pursuant to Indiana Admission and Discipline Rule 23(26)(b).

This Court notes that a county prosecuting attorney's duties are concerned with representing the State of Indiana and that performance of these duties requires that the prosecuting attorney be a practicing member of the bar of this state. *See State ex rel. Indiana State Bar Association v. Moritz*, 244 Ind. 156, 191 N.E.2d 21 (1963). Accordingly, Respondent's suspension from the practice of law renders him disqualified from performing the duties of a prosecuting attorney. *See Matter of Catt*, 672 N.E.2d 410 (Ind.1996). Respondent therefore must be suspended from the performance of his duties as prosecuting attorney during his suspension from the practice of law, and his pay for services as prosecuting attorney should be discontinued during the suspension.

Because Respondent's suspension from the practice of law will create a vacancy in the office of prosecuting attorney, we find that the continued orderly administration of justice requires the appointment of a temporary prosecuting attorney to carry out the duties of the office of prosecuting attorney of LaPorte County.

This Court has been advised that Robert D. Neary, a member of the bar of this state who is currently serving as chief deputy prosecutor for LaPorte County, is able to assume the duties of prosecuting attorney of LaPorte County, effective August 1, 2012, and continuing during the period of Respondent's suspension.

IT IS THEREFORE ORDERED that Robert D. Neary is appointed to serve as full-time prosecuting attorney of LaPorte County, effective August 1, 2012, through the end of Respondent's suspension. In addition, until the effective date of Respondent's suspension, Robert D. Neary is authorized to take any actions necessary to initiate and prosecute new legal matters that Respondent is barred from taking under the terms of this Court's June 20, 2012, order.

This Order shall be sufficient authority for Robert D. Neary to carry out the regular functions and duties of the office as defined by the laws of this state, and to be compensated for him services at the rate and manner equal to that paid a duly elected full-time prosecuting attorney of LaPorte County during the time of Respondent's suspension.

IT IS FURTHER ORDERED that during the period of Respondent's suspension, all payments to him for services as prosecuting attorney shall be discontinued.

The Clerk of this Court is directed to forward notice of this Order to the parties or their respective attorneys, to Robert D. Neary, Office of the LaPorte County Prosecuting Attorney, County Complex Building, Suite 501A, 809 State Street, LaPorte,

IN, 46350; Hon. Thomas J. Alevizos, Judge, LaPorte County Circuit Court, 813 Lincolnway, Suite 303, La Porte, Indiana 46350; Hon. Kathleen B. Lang, Judge, LaPorte County Superior Court No. 1, 300 Washington Street, Michigan City, Indiana 46360; Hon. Richard Stalbrink, LaPorte County Superior Court No. 2, 300 Washington Street, Michigan City, Indiana 46360; Hon. Jennifer L. Koethe, Judge, LaPorte County Superior Court No. 2, 809 State Street, LaPorte, Indiana 46350; Hon. William Boklund, LaPorte County Superior Court No. 4, 300 Washington Street, Michigan City, Indiana 46360; the Division of State Court Administration, payroll department; and Craig Hinchman, Auditor of LaPorte County, 555 Michigan Ave. Suite 205, LaPorte, IN, 46350. The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.